Filed 3/4/13  P. v. Klure CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G046022 |
| v. | (Super. Ct. No. 11NF2296) |
| CHARLES VERNON KLURE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

John Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

This is an appeal from a judgment based on a guilty plea. Appellant argues the trial court shortchanged him on conduct credits and imposed an improper booking fee, but we disagree and affirm the judgment.

FACTS

In July 2011, appellant was charged with possessing marijuana for sale and possessing Oxycontin. He initially pleaded not guilty, but on October 6, he changed his plea to guilty, pursuant to a negotiated plea agreement. Per that agreement, the court suspended imposition of sentence and placed appellant on probation. The court also ordered appellant to pay a $133.75 booking fee and to serve 180 days in jail. It awarded appellant 109 days of presentence credit, based on 73 days of actual custody, plus 36 days of conduct credit.

I

Appellant's first claim requires little discussion. He admits that since he committed his crimes prior to October 1, 2011, he does not come within the ambit of a statutory amendment that became effective on that day that allows inmates to receive presentence conduct credit at the rate of one day for every day spent in custody. (Pen. Code, § 4019, subd. (h) [amendment applies prospectively to inmates whose crimes occurred on or after October 1, 2011].) However, he claims that to deny him the benefit of that amendment based solely on the date he committed his crimes would violate equal protection. Similar claims have been turned down in a number of cases. (See *People v. Lara* (2012) 54 Cal.4th 896, 906, fn. 9; *People v. Brown* (2012) 54 Cal.4th 314, 328; *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 55-56; *People v. Verba* (2012) 210 Cal.App.4th 991, 994-997; *People v. Kennedy* (2012) 209 Cal.App.4th 385, 397-400; *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1551-1553.) For the reasons explained in those decisions, we reject appellant's equal protection claim and uphold the decision to award him conduct credit at the preamendment rate of one day for every two days he was in custody. There is no basis for disturbing the court's decision in that regard.

2

II

Appellant also challenges the court's decision to impose a $133.75 booking fee. He contends the fee is improper because there is no evidence of what it cost to book him, nor is there any evidence he has the ability to pay it.[1] We uphold the fee.[2]

In imposing the booking fee, the trial court did not identify which particular statute it was relying on, but appellant presumes it was imposed pursuant to Government Code section 29550.2.[3] Under that statute, the court may impose a fee on any person booked into a county jail for the "actual administrative costs" incurred in conjunction with his arrest and booking "[i]f the person has the ability to pay" the fee. (§ 29550.2, subd. (a).) However, appellant's reliance on this section is misplaced because he was not booked into a county jail.

The record shows that two days after appellant was arrested, the police department for the City of La Habra filed a document containing appellant's arrest and booking information. Entitled "REQUEST FOR ORDER TO PAY BOOKING FEES UPON CONVICTION," the document states appellant was booked at the La Habra city jail, not the Orange County jail. It sought the recovery of booking-related costs in the amount of $133.75 pursuant to section 29550.3, not section 29550.2.

At sentencing, the court granted the request and ordered appellant to pay a booking fee of $133.75 to the City of La Habra. Although the court did not expressly base its ruling on any particular statute, it is readily apparent it was relying on section 29550.3. Under that section, a city is entitled to collect a booking fee for costs incurred in conjunction with the arrest of a defendant who is convicted of a crime related to the

---

[1] This is strictly a case of statutory interpretation. No equal protection claim is raised.

[2] The Attorney General argues appellant waived his right to challenge the fee by failing to object to it in the trial court. The Supreme Court is currently deciding whether the waiver doctrine applies in this context. (*People v. McCullough* (2011) 193 Cal.App.4th 864, rev. granted June 29, 2011, S192513.) Since we believe the fee was properly imposed, we need not hang our hat on the waiver issue.

[3] All further statutory references are to the Government Code.

arrest. The statute, unlike section 29550.2, does not say anything about actual administrative costs or the defendant's ability to pay.[4]

Appellant points out that the record shows he was in the custody of the sheriff by the time he entered his plea and that he was sentenced to serve his time in the Orange County jail. Based on this, he deduces he was booked into the Orange County jail, not the La Habra city jail, and therefore section 29550.3 does not apply. However, the city's request for booking fees shows otherwise. Appellant may have been transferred to the Orange County jail following his arrest, but the record shows he was "[b]ooked at the La Habra [c]ity [j]ail."

Appellant also argues section 29550.3 is inapt because it applies only in cases where the booking fee has been imposed on the city by a county. But that is not what the statute says. Per its terms, the statute allows a city to collect a booking fee from an arrestee if the city "does not otherwise incur an administrative fee from the county[.]" (§ 29550.3, subd. (a).) In other words, the statute says the opposite of what appellant claims it does.

Since the record shows appellant was booked into the La Habra city jail, and there is no evidence the City of La Habra incurred an administrative fee from the county, the city was lawfully entitled to collect a fee of $133.75 under section 29550.3. We therefore uphold the court's order requiring appellant to pay a booking fee in that amount.

---

[4] Section 29550.3 provides: "(a) A city which books or processes persons to a jail administered by it and which does not otherwise incur an administrative fee from the county, may establish and collect an administrative fee for an arrested person pursuant to the same standards and procedures set forth in Section 29550.1. [¶] (b) Any city whose officer or agent arrests a person is entitled to recover from the arrested person a criminal justice administration fee for administrative costs it incurs in conjunction with the arrest if the person is convicted of any criminal offense related to the arrest, whether or not it is the offense for which the person was originally booked. [¶] (c) Any booking fee imposed pursuant to this section shall be charged to the person booked and not to the arresting entity. [¶] (d) Nothing in this section shall be construed to limit the ability of any city to enter into agreements with other local arresting agencies authorizing the imposition of a criminal justice administration fee by that city upon those local arresting agencies for reimbursement of expenses incurred with respect to the booking or other processing of persons into a jail facility operated by that city."

4

DISPOSITION

The judgment is affirmed.


                                        BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.