Filed 3/7/13  P. v. Meyers CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LOUIS MEYERS,<br><br>        Defendant and Appellant. | A132787<br><br>(San Francisco County<br>Super. Ct. No. 212059) |

Defendant Louis Meyers was convicted of attempted grand theft and sentenced to five years in state prison.  On appeal, he contends that the trial court denied his right to make a personal statement in mitigation at sentencing.  He also contends that he is entitled to additional presentence conduct credits, based either on the law in effect when he was sentenced, or the retroactive application of the current conduct credit scheme.  We agree Meyers is entitled to additional conduct credits.  In all other respects, however, we affirm the judgment.

## I.  BACKGROUND

On February 14, 2010, Meyers walked into a bar in San Francisco where the owner was counting the receipts from the previous night.  Meyers grabbed some of the money.  The bar owner tried to stop him and a struggle ensued.  Meyers eventually dropped or threw down the money and left the bar empty-handed.  The police, responding to a 911 call, apprehended Meyers.

The district attorney charged Meyers with attempted second degree robbery (Pen. Code, §§ 664, 211).[1] The information alleged two prior serious felony strike convictions (§§ 667, subds. (d), (e); 1170.12, subds. (b), (c)) and nine prior felony convictions for which Meyers had served prison terms (§ 667.5, subd. (b)).

A jury found Meyers guilty of the lesser included offense of attempted grand theft (§§ 664, 487). Regarding the prior conviction allegations, the parties entered into a stipulation whereby the district attorney agreed to dismiss one of the strike allegations, and Meyers agreed to admit all of the remaining prior conviction allegations, including one strike. The court then sentenced Meyers to five years in prison by imposing the middle term (one year) for the attempted grand theft conviction, doubling it based on the prior strike conviction, and adding three one-year enhancements for three of the prior prison term felonies. The court dismissed the remaining prior prison term enhancements.

The trial court awarded Meyers 111 days of local (presentence) conduct credits based on Meyers's actual custody time of 503 days. In calculating the conduct credits, the court explained "he has to serve 80 percent because it's a strike."

## II. DISCUSSION

### A. *Right to Make Personal Statement in Mitigation*

Meyers correctly contends he has a right to make a sworn personal statement in mitigation of punishment. (See *People v. Evans* (2008) 44 Cal.4th 590, 598-599; see also § 1204.) Contrary to Meyers's argument, however, the record reveals he was afforded that right.

Meyers and his counsel appeared in court on May 20, 2011, after the jury verdict and after he had admitted the priors. The court indicated it was prepared to sentence Meyers, but ultimately only decided Meyers's motion to dismiss the remaining strike pursuant to section 1385 (*People v. Romero* (1996) 13 Cal.4th 497). Defense counsel proposed to have Meyers sworn in to testify in connection with the *Romero* motion. Counsel made the following offer of proof: Meyers would explain "his prior actions" and

---

[1] All further statutory references are to the Penal Code.

why he "does these things and repeats these things." The court declined to hear the testimony and, after considering the parties' arguments, denied the *Romero* motion.

The court sentenced Meyers on July 1, 2011. Before the court pronounced sentence, Meyers made a brief unsworn statement in which he apologized, and asked for a sentence of probation with credit for time served. (See *People v. Evans, supra,* 44 Cal.4th at p. 599 [defendant may make brief unsworn statement urging lesser punishment with parties' consent].) Neither he nor his attorney made a request to provide further testimony regarding mitigation.

The record thus shows the court allowed Meyers to make a statement in mitigation, and that Meyers was not denied an opportunity to present formal, sworn testimony when he was sentenced. Meyers does not cite any authority requiring a trial court to hear testimony in connection with a *Romero* motion. We agree with respondent that the court had discretion to hear testimony and, given the offer of proof, reasonably declined to hear Meyers's testimony on the *Romero* motion.

## B. *Presentence Conduct Credits*

### 1. Award of Conduct Credits Based on Date of Offense

Meyers argued in his opening brief that he was entitled to receive presentence conduct credits based on the version of section 4019 in effect on the date he was sentenced. According to Meyers, the law at that time provided for conduct credits at a rate of two days for every four days served in custody. (Former § 4019, subd. (f); stats. 2010, ch. 426, § 2.) Respondent replied that conduct credits should be calculated based on the version of section 4019 in effect when Meyers committed his crime, but that Meyers would not be entitled to any more credits under either version. Respondent, however, did not explain how the trial court came to award 111 days of conduct credits under either version of section 4019.

Based on our review of the record and the law, the trial court's calculation appears incorrect under any of the possible scenarios for awarding presentence conduct credits. As best as we can tell, the trial court believed Meyers was limited to earning presentence conduct credits at a rate of 20 percent of actual custody time because he was being

3

sentenced under the Three Strikes Law. That law, however, limits *prison* conduct credits, not presentence credits, to 20 percent of custody time. (§ 667, subd. (c)(5).)

Because neither Meyers nor respondent identified the trial court's error or otherwise appeared to have used the correct analysis, we requested supplemental briefing on how the trial court calculated Meyers's conduct credits. Respondent replies by simply stating that the trial court reached its result by using "the twenty percent formula." As to whether that formula was correct (or even an option), respondent suggests, in a footnote, that Meyers "may in fact only be entitled to accrue conduct credit at fifteen percent" pursuant to section 2933.1.

In his supplemental reply, Meyers continues to argue he is entitled to two days of conduct credit for every four days served (six days of total credit for every four days spent in actual custody), but now he relies on the version of section 4019 in effect at the time he committed his offense. Meyers also claims that respondent's suggestion that section 2933.1 might apply in his case is wrong. That section limits conduct credits to 15 percent when the current conviction is one of the violent felonies listed in section 667.5, subdivision (c). Meyers's crime, attempted grand theft, is not on that list.

Based on the supplemental briefing and before reaching Meyers's equal protection contention, *post*, it now appears both sides agree Meyers's conduct credits should be calculated based on the law in effect at the time he committed his crime. (See *People v. Brown* (2012) 54 Cal.4th 314, 322-323 (*Brown*).)[2] Under subdivisions (b)(2) and (c)(2) of former section 4019 (S.B. No. 18), Meyers was therefore entitled to two days of conduct credit for each four-day period served, or as summarized in subdivision (f): "[A]

_____

[2] The version of section 4019 in effect at that time (stats. 2009, 3rd Ex.Sess. 2009-2010, ch. 28, § 62, hereafter S.B. No. 18), provided the possibility of day-for-day credits. (Former § 4019, subds. (b)(1), (c)(1), (f).) Meyers, however, was not eligible for day-for-day credits based on his prior serious felony conviction for robbery (not second degree burglary as Meyers states in his supplemental brief).

term of six days will be deemed to have been served for every four days spent in actual custody for persons described in paragraph (2) of subdivision (b) or (c)."[3]

By Meyers's calculation, he was entitled to 250 days of conduct credits (503 actual days served divided by 4 equals 125 sets of four days, multiplied by 2 equals 250 days of conduct credits). We agree.

2. Equal Protection

The Legislature amended section 4019 again, effective after Meyers was sentenced. Meyers contends he is entitled under equal protection principles to the more generous credit provisions of this amended version.

As part of the 2011 Realignment Legislation (Stats. 2011, ch. 15, § 1), the Legislature amended section 4019 to once again provide the possibility of day-for-day presentence conduct credits. The amended (and current) version of section 4019 provides: "It is the intent of the Legislature that if all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody." (*Id.*, subd. (f).) Pertinent to Meyers, nothing in section 4019 (or section 2933) limits or reduces presentence custody credits for persons with a prior serious felony conviction. This new scheme, however, expressly applies only to persons convicted of crimes committed on or after October 1, 2011. (*Id.*, subd. (h).)[4]

Meyers argues his presentence conduct credits should be calculated under the current version section 4019, even though his crime was committed before October 1, 2011. He asserts that when the Legislature enacts a more generous credit scheme, it must

---

[3] It appears Meyers would have been entitled to the same number of conduct credits under either of the versions of section 4019 in effect while he was in presentence custody, but we need not definitively answer that question to resolve this appeal.

[4] Section 4019, subdivision (h), provides: "The changes to this section enacted by the act [Stats. 2011, ch. 15, § 1] that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law."

be retroactively applied to all prison inmates "by virtue of the equal protection clauses of the state and federal Constitutions."

The Supreme Court's decision in *Brown, supra,* 54 Cal.4th 314 forecloses Meyers's argument. Although the equal protection claim in *Brown* involved the version of section 4019 effective January 25, 2010 (S.B. No. 18), the same principles apply when considering the section's more recent amendments. (See *People v. Lara* (2012) 54 Cal.4th 896, 906, fn. 9.)

The first prerequisite to a meritorious equal protection claim is a showing that persons are similarly situated for purposes of the law challenged. (*Brown, supra,* 54 Cal.4th at p. 328.) Prisoners who served local custody time before and after October 1, 2011, however, are not similarly situated. "[T]he important correctional purposes of a statute authorizing incentives for good behavior [citation] are not served by rewarding prisoners who served time before the incentives took effect and thus could not have modified their behavior in response. That prisoners who served time before and after former section 4019 took effect are not similarly situated necessarily follows." (*Id.* at pp. 328-329.)

In *Brown*, the Supreme Court distinguished the very same cases (*People v. Sage* (1980) 26 Cal.3d 498; *In re Kapperman* (1974) 11 Cal.3d 542) Meyers relies on to support his equal protection challenge. (*Brown, supra,* 54 Cal.4th at pp. 329-330.) Following *Brown*, the appellate courts of this state have rejected the contention that equal protection principles require the retroactive application of the version of section 4019 effective October 1, 2011. (*People v. Kennedy* (2012) 209 Cal.App.4th 385, 396-397; *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1551-1552; see also *People v. Verba* (2012) 210 Cal.App.4th 991, 995-997 [finding prisoners who committed their crimes before and after October 1, 2011, similarly situated but also finding a rational basis for their unequal treatment].) We therefore reject Meyers's equal protection challenge.

## III. DISPOSITION

The judgment is modified to grant Meyers credit for 503 days in presentence custody and 250 days of conduct credit for a total credit of 753 days. The judgment is

6

affirmed all other respects.  The superior court shall prepare an amended abstract of judgment and deliver a copy to the Department of Corrections and Rehabilitation.


_____
Humes, J.


We concur:


_____
Ruvolo, P. J.


_____
Rivera, J.