Filed 4/25/13  P. v. Rodriguez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY RODRIGUEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B240119<br>(Super. Ct. No. BA385961)<br>(Los Angeles County) |

Anthony Rodriguez appeals from the judgment entered after a plea of no contest to unlawful firearm activity.  (Former Pen. Code, § 12021, subd. (e).)[1]  He contends that the trial court erred in denying his motion under *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*), and that the calculation of his presentence conduct credits under former section 4019 violated his right to equal protection of the law.  We affirm.

FACTS AND PROCEDURAL HISTORY

At 11:15 p.m. on June 25, 2011, Police Officer Isaias Medrano and his partner Officer Morales responded to a report of a robbery at 27th Street and Hoover in Los Angeles.  The suspects were described as three male Hispanic gang members and that one suspect was armed with a gun.  As the officers drove on 27th Street,

---

[1] All statutory references are to the Penal Code.

approximately one block from the robbery location, Officer Medrano saw Rodriguez in the street. Rodriguez looked at the officers and ran away. Medrano turned on the spotlight of his patrol car and watched where Rodriguez was going. Rodriguez ran through a gate into a yard, knocked on the door of a residence, and spoke briefly with a resident. The officers continued to follow Rodriguez with the spotlight. While still in the yard, Rodriguez pulled a gun out of his waistband, and dropped it into a planter. Rodriguez was arrested and the officers found a loaded automatic handgun in the planter.

Rodriguez was charged with having a concealed firearm (former § 12025, subd. (a)(2)), carrying a loaded firearm (former § 12031, subd. (a)(1)), and unlawful firearm activity (former § 12021, subd. (e)). Also, a prior conviction for a serious or violent felony was alleged.

On December 1, 2011, Rodriguez moved to suppress evidence that a gun was found in a planter because the police officers had no reasonable suspicion to detain him or probable cause to arrest him. On December 5, Rodriguez filed a *Pitchess* motion for discovery of any personnel records of Officers Medrano and Morales regarding fabrication of evidence, filing false police reports, and numerous other acts of purported misconduct. An attorney's declaration supporting the motion stated that Rodriguez intended to use the documents to show that the officers filed a false police report and themselves placed the gun in the planter. On January 9, 2012, the trial court denied the *Pitchess* motion and, on February 23, the court denied the suppression motion.

Thereafter, Rodriguez entered a plea of no contest to the unlawful firearm activity charge. The other two charges were dismissed and the prior strike conviction was stricken. The trial court sentenced Rodriguez to three years in prison.

Rodriguez filed a timely appeal without a certificate of probable cause.

## DISCUSSION

### *No Error in Denial of Pitchess Motion*

Rodriguez contends that the trial court abused its discretion in denying his *Pitchess* motion without conducting an in camera hearing. We disagree.

2

A guilty or no contest plea admits every element of the crime charged and issues concerning the defendant's guilt or innocence are not cognizable on appeal thereafter. (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1364.) As a challenge to the legality of the discovery process, appellate review of a *Pitchess* motion is included in this rule and generally cannot be challenged after a guilty or no contest plea. (*People v. Hunter* (2002) 100 Cal.App.4th 37, 42-43.)

Appellate review of the legality of a search or seizure, however, is permitted even if a subsequent conviction is predicated upon a plea of guilty or no contest. (§ 1538.5, subd. (m).) The merits of a trial court's ruling on a *Pitchess* motion may be considered in the appeal of the ruling denying a motion to suppress evidence if the *Pitchess* motion is intertwined with the suppression motion and directed to the legality of the search and seizure. (*People v. Collins* (2004) 115 Cal.App.4th 137, 150-151 (*Collins*).)

Rodriguez relies on the rule set forth in *Collins* in his challenge to the denial of his *Pitchess* motion. We conclude that the *Pitchess* motion was not intertwined with the suppression motion and cannot be reviewed on appeal pursuant to our jurisdiction under section 1538.5, subdivision (m). In *Collins*, the issues raised in the *Pitchess* motion were the primary basis for the defendant's suppression motion. Here, discovery of information in the arresting officers' personnel files was sought to bolster Rodriguez's defense at trial regarding his possession of a gun, and not on whether there was good cause for his detention and arrest.

In his suppression motion, Rodriguez argued that the police had no reasonable suspicion to detain him merely because he ran when the patrol car spotlight illuminated him standing in the street; they had no reason to detain him when he ran into the yard of a residential dwelling or when he stopped running in the yard; and they had no probable cause to arrest him for possession of a gun. In his *Pitchess* motion, Rodriguez sought discovery of prior complaints against the police officers for filing false police reports and fabricating evidence. The goal of the discovery was to obtain information to utilize for impeachment purposes at trial.

3

Rodriguez did not seek a ruling on his *Pitchess* motion prior to his suppression motion. And, in his appellate briefs Rodriguez notes that the suppression motion was denied, but devotes his entire argument to the merits of his *Pitchess* motion. At no point does Rodriguez address how the ruling on the suppression motion would have been affected by the disclosure sought in his *Pitchess* motion. Finally, in light of the suspicious conduct of Rodriguez before he threw the gun into the planter, documents from the officers' personnel files would not have been critical to the suppression motion.

*No Error in Calculation of Conduct Credits*

Rodriguez contends the trial court erred by calculating his presentence conduct credits under a version of section 4019 in effect prior to its 2011 amendment. He argues that equal protection principles require that he receive conduct credit under the 2011 amendment commencing October 1, 2011, its effective date, to his March 2012 sentencing. We disagree.

In 2011, the Legislature amended section 4019 as part of the criminal realignment legislation intended in part to reduce "corrections and related criminal justice spending." (*People v. Cruz* (2012) 207 Cal.App.4th 664, 679.) Under the 2011 amendment, certain defendants became entitled to receive conduct credits greater than under the prior 2010 version of the statute. (§ 4019, subds. (b), (c).) The legislation provided that the change "shall apply prospectively" to prisoners in local custody for crimes committed on or after October 1, 2011. (*Id.* at subd. (h).)

Appellant committed the instant offense on June 25, 2011, and was in county jail from that date until his March 2, 2012 sentencing, a period extending from before October 1, 2011, to after that date. At sentencing, the trial court awarded conduct credits based entirely on the scheme set forth in the 2010 amended version of section 4019. In his opening brief, Rodriguez contended that equal protection principles required the 2011 amended version of section 4019 to be applied retroactively to include all of his presentence custody. He argued that the 2011 amendment created two classes of inmates, those who committed crimes before October 1, 2011, and those who committed crimes on or after October 1, 2011. He claimed the two groups are similarly situated with

4

respect to credit entitlement, and there is no "rational basis" for denying one group enhanced credits simply because he committed his crimes prior to October 1, 2011.

As Rodriguez concedes, *People v. Brown* (2012) 54 Cal.4th 314, 329 (*Brown*), rejected this retroactivity argument but, in his reply brief, Rodriguez contends that the same equal protection principles entitle him to enhanced credits for the period of his presentence custody *after* October 1, 2011. In other words, even if the 2011 amendment does not apply retroactively, failure to apply it to time served on or after October 1, 2011, regardless of the date of the subject crime, violates equal protection. Other panels of the Court of Appeal have rejected this argument based on the conclusions enunciated in *Brown*, and we reject it as well. (*People v. Ellis* (2012) 207 Cal.App.4th 1546, 1553 (*Ellis*); *People v. Kennedy* (2012) 209 Cal.App.4th 385 (*Kennedy*); *People v. Verba* (2012) 210 Cal.App.4th 991, 993 (*Verba*); see also *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 53 (*Rajanayagam*).)

"The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally. [Citation.]" (*Brown*, *supra*, 54 Cal.4th at p. 328.) The groups need not be similarly situated for all purposes, only "for purposes of the law challenged." (*Ibid*.) Even if the classes are similarly situated, there is no equal protection violation if the statutory distinction does not involve fundamental interests and the challenged classification bears a rational relationship to a legitimate state purpose. (*Rajanayagam*, *supra*, 211 Cal.App.4th at p. 53.)

In *Brown*, the Court concluded that prisoners who committed a crime before the effective date of the 2010 amendment to section 4019 were not similarly situated to those who committed a crime after that date. "[T]he important correctional purposes of a statute authorizing incentives for good behavior [citation] are not served by rewarding prisoners who served time before the incentives took effect and thus could not have modified their behavior in response." (*Brown*, *supra*, 54 Cal.4th at pp. 328-329.)

After *Brown*, several courts considered arguments virtually identical to those made by Rodriguez where a defendant's crime was committed before October 1,

5

2011, but whose presentence custody period included time subsequent to October 1, 2011. The arguments were rejected in all these cases. Some of the cases concluded that prisoners whose crimes were committed prior to October 1, 2011, but whose period of custody extended beyond that date, were not similarly situated with persons whose crimes were committed after October 1, 2011. (*Ellis*, *supra*, 207 Cal.App.4th at pp. 1552-1553; *Kennedy*, *supra*, 209 Cal.App.4th at pp. 396-397.) Other cases concluded that these groups may be similarly situated but there was a rational basis for the disparate treatment with respect to enhanced conduct credits. (*Rajanayagam*, *supra*, 211 Cal.App.4th at pp. 54-55; *Verba*, *supra*, 210 Cal.App.4th at pp. 995-996.) Regardless of the rationale, Rodriguez's claim fails under all of these cases.[2]

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

---

[2] Rodriguez cites *People v. Olague* (2012) 205 Cal.App.4th 1126, as supporting his position. The Supreme Court dismissed review and remanded *Olague* on March 20, 2013, in light of *Brown*, *supra*, 54 Cal.4th 314; Cal. Rules of Court, rule 8.5298 (b)(1) & (c).) (*People v. Olague* (2013) [2013 WL 1150606].)

Monica Bachner, Judge

Superior Court County of Los Angeles
_____

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Seth P. McCutcheon, Deputy Attorney General, for Plaintiff and Respondent.