[No. H037668. Sixth Dist. Sept. 14, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
STEPHEN PAUL KENNEDY, Defendant and Appellant.

## COUNSEL

Jonathan Grossman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler and Christina vom Saal, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

ELIA, J.—In October 2011, appellant Stephen Paul Kennedy pleaded no contest to assault by force likely to cause great bodily injury. (Pen. Code, § 245, subd. (a)(1).) Appellant admitted a prior strike allegation. (Pen. Code, §§ 667, subds. (b)–(i), 1170.12.) In exchange for his no contest plea, appellant was promised a four-year prison term.

On November 17, 2011, the court sentenced appellant to four years in state prison. The court awarded appellant only 21 days of custody credits consisting of 15 actual days and six days' conduct credit.

Appellant filed a timely notice of appeal based on the sentence or other matters occurring after the plea.

On appeal, appellant contends that he is entitled to additional presentence custody credits, and pursuant to equal protection principles the amendment to Penal Code section 4019, effective October 1, 2011, must be applied to him retroactively. By way of a supplemental opening brief, appellant argues that he is statutorily entitled to increased presentence conduct credits for the time he spent in custody after October 1, 2011.

For reasons that follow, we agree that appellant is entitled to additional presentence custody credits, but disagree that he is entitled to have the amendment to Penal Code section 4019 that took effect on October 1, 2011, applied in calculating his conduct credits.

### Facts and Proceedings Below

Since appellant's claims on appeal concern presentence custody credits, it is not necessary to give a detailed recitation of the facts underlying his most recent conviction. Rather, we note that on March 11, 2011, appellant, a recent parolee, punched and choked his grandmother. Then, he threatened to kill her with a knife if she told the police. As a result, appellant was charged by way of an information with one count of attempted premeditated murder (Pen. Code, §§ 187, 664; count one), assault with a deadly weapon and by means of force likely to produce great bodily injury (Pen. Code § 245, subd. (a)(1); count two), elder abuse (Pen. Code, § 368, subd. (b)(1); count three), and

criminal threats (Pen. Code, § 422; count four).[1] The information contained allegations that appellant had served six prior prison terms within the meaning of Penal Code section 667.5, subdivision (b) and had suffered two prior "strike" convictions within the meaning of Penal Code sections 667, subdivisions (b)–(i) and 1170.12.

As noted, appellant entered a plea of no contest to assault by force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(1)), and admitted one prior strike allegation (Pen. Code, §§ 667, subds. (b)–(i), 1170.12).

In preparation for sentencing, on November 1, 2011, the Monterey County Probation Department filed a sentencing memorandum in which it was noted that appellant had been in the Monterey County jail continuously from March 11, 2011. However, the probation department did not recommend awarding appellant any credit for time served even though he had been in custody for 236 days. The probation department's conclusion that appellant was not entitled to any custody credit was based on information supplied by appellant's parole agent. Specifically, "According to Parole Agent Saldana, Parole Records reflect that in addition to the instant charges, the defendant was arrested on an independent technical parole violation that he possessed/used alcohol, which would have resulted in immediate parole revocation with immediate confinement at the Monterey County Jail. As the defendant's arrest was independent of the new charges in the instant offense, it was not the sole basis of the violation of parole. Following his arrest for the instant case, a parole violation hold, filed pursuant to § 3065 PC, was placed upon the defendant at the Monterey County Jail. Therefore, pursuant to People v. Bruner (1995) 9 Cal.4th 1178 [40 Cal.Rptr.2d 534, 892 P.2d 1277] . . . [and] People vs. Shabazz (2003) 107 Cal.App.4th 1255 [132 Cal.Rptr.2d 708] . . . the defendant is not entitled to receive custody credit in the instant case as this offense was not the sole basis of his violation of parole."

Appellant filed a motion asking the trial court to award him presentence credits under Penal Code section 2900.5. The People opposed the motion. At appellant's sentencing hearing, on November 17, 2011, the trial court denied appellant's motion for custody credits for the entire period that he was incarcerated in the Monterey County jail, but as noted, did award him 15 actual days' credit for time served and six days' conduct credit.[2]

---

[1] In addition, appellant was charged in count five with misdemeanor possession of concentrated cannabis (Health & Saf. Code, § 11357, subd. (a)) and in count six with misdemeanor brandishing a weapon (Pen. Code, § 417, subd. (a)(1)).

[2] It appears that the court awarded these 21 days because the possession of alcohol parole violation was dismissed on November 3 and the court felt that there was "an argument that he should receive custody credits at that point because at that point he is then only incarcerated on crimes that are also the basis of the criminal allegations."

*Discussion*

*Custody Credits and the Parole Violation*

Appellant contends that he is entitled to additional custody credits. Appellant bases this contention on the following:

He was arrested on March 11, 2011, in the criminal case and for violating his parole. On March 15, 2011, the Monterey County District Attorney filed a criminal complaint against appellant; he was arraigned on the complaint the same day.

Immediately, a parole hold was placed on appellant for the crimes leading to the criminal prosecution and for among other things possessing or using alcohol; according to the officer that arrested him, appellant smelled of alcohol when he was arrested. Appellant signed what is known as an "optional waiver" on March 23, 2011.

The California Code of Regulations explains the optional waiver as follows: "A parolee who is undergoing criminal prosecution may conditionally waive the revocation hearing, but retain the option to request a hearing as provided in this subsection. Upon receipt of a signed optional waiver, the Board at the central office calendar will determine whether there is good cause to revoke parole. This determination will be made without a hearing or personal appearance by the parolee. [¶] If the Board orders parole revoked and the parolee returned to custody, the parolee then may request a revocation hearing. A hearing request must be received by the Board no more than 15 days following sentencing or final disposition at the trial court level in the criminal proceedings and no later than two months before expiration of the revocation period ordered by the Board at the central office calendar. Upon receipt of a hearing request, the Board shall schedule a revocation hearing. At the hearing the panel may take any appropriate action." (Cal. Code Regs., tit. 15, § 2641, subd. (b).)[3]

After appellant entered his plea in the criminal case, he moved for presentence credit for most, if not all, of the time he was in custody in the Monterey County jail. In his written motion, which was filed October 31, 2011, appellant argued that since the time on the violation of parole for possessing alcohol was only for up to four months, the time after this period should be credited toward the criminal case. Attached to his motion was paperwork from the initial probable cause hearing to revoke his parole. This

---

[3] As can be seen, the optional waiver operates to temporarily waive the right to a revocation hearing when a criminal case is pending, but the prisoner retains the right to seek a hearing upon a timely request. (Cal. Code Regs., tit. 15, § 2641, subd. (b).)

paperwork showed the charges against appellant as those underlying the criminal case, plus "Unauthorized possession of knife with a blade exceeding 2 inches," plus, "NOT TO USE OR POSSESS ALCOHOL" and "Possession of marijuana (more than 1oz or 28.5 grams)."

The prosecution opposed the motion relying on *People v. Bruner, supra,* 9 Cal.4th 1178 and *People v. Stump* (2009) 173 Cal.App.4th 1264 [93 Cal.Rptr.3d 429].

Thereafter, on November 15, 2011, appellant filed points and authorities in reply to the People's opposition. Attached to this reply brief was the paperwork from appellant's actual parole revocation hearing. This evidence showed that appellant had his parole revocation hearing on November 3, 2011. Appellant admitted he committed felony assault and threatened his grandmother. These allegations and the allegation that he committed an attempted murder were found true. However, the allegations that he possessed a knife, used/possessed alcohol and possessed marijuana were dismissed. Appellant accepted this outcome and was ordered to serve 12 months in custody for the parole violation on the allegations that were found true.

At the hearing on the motion for presentence custody credits, appellant argued that since the use/possession of alcohol allegation was dismissed, there was no mixed credit problem. However, the court found *Stump* to be "determinative." Nevertheless, as noted, the court decided that appellant was entitled to receive presentence credits for the period after the parole authorities found true only the allegations that pertained to the criminal case.

Initially, we note that although appellant signed a general waiver of his right to appeal, he is not barred from challenging an alleged misapplication of conduct credits on appeal where, as here, the plea agreement and waiver of appellate rights made no mention of conduct credits. (*People v. Vargas* (1993) 13 Cal.App.4th 1653, 1662–1663 [17 Cal.Rptr.2d 445]; accord, *People v. Panizzon* (1996) 13 Cal.4th 68, 85 [51 Cal.Rptr.2d 851, 913 P.2d 1061] [waiver will not be construed to bar the appeal of sentencing errors occurring subsequent to plea especially when the defendant is attempting to appeal sentencing issues left unresolved by the particular plea agreement].)

Penal Code section 2900.5 governs the award of presentence custody credits. That section provides, in pertinent part: "(a) In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody . . . all days of custody of the defendant . . . including days . . . credited to the period of confinement pursuant to Section 4019 . . . shall be credited upon his or her term of imprisonment. . . . If the total number of days in custody exceeds the number of days of the term of

imprisonment to be imposed, the entire term of imprisonment shall be deemed to have been served. . . . [¶] (b) For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed." (Pen. Code, § 2900.5, subds. (a), (b).)[4]

■ The California Supreme Court has interpreted the language of Penal Code section 2900.5, subdivision (b) to mean "a prisoner is not entitled to credit for presentence confinement unless he shows that the conduct [that] led to his conviction was the sole reason for his loss of liberty during the presentence period." (*People v. Bruner, supra*, 9 Cal.4th at p. 1191.) Thus, presentence custody credits should be denied toward a new term when such custody is "attributable to a parole revocation caused in part, but not exclusively, by the conduct that led to the new sentence." (*Id.* at pp. 1182–1183.) To be entitled to presentence custody credits, a defendant must establish that "the conduct [that] led to the sentence was a dispositive, or 'but for,' cause of the presentence custody." (*Id.* at p. 1180.)

■ Appellant's waiver of a parole revocation hearing was conditional and preserved his right to request a hearing. Appellant presented evidence to the trial court that shortly before his sentencing in the current matter he exercised his right to a parole revocation hearing. The result of that hearing was the dismissal of all grounds for revoking his parole other than the conduct underlying his current conviction.[5] Thus, appellant established that the conduct leading to his sentence "was a dispositive, or 'but for,' cause of the presentence custody." (*People v. Bruner, supra*, 9 Cal.4th at p. 1180.)[6]

Respondent's reliance on *People v. Stump, supra*, 173 Cal.App.4th 1264 (*Stump*) to argue that the trial court was correct in denying appellant the presentence custody credit he seeks is misplaced. In *Stump*, the defendant was convicted of driving under the influence of alcohol with a prior felony within 10 years (Veh. Code, § 23152, subd. (a)), and driving with a blood-alcohol content of at least 0.08 percent with a prior felony within 10 years (Veh. Code,

---

[4] We note that Penal Code section 2900.5 was amended effective April 1, 2011, operative October 1, 2011. (Stats. 2011, ch. 15, § 466.)

[5] It appears that the ground for dismissal of the knife, alcohol and marijuana possession was in the interests of justice.

[6] The defendant in *People v. Bruner, supra*, 9 Cal.4th 1178, could not show that the conduct leading to his sentence for cocaine possession was a "but for" cause of his presentence custody because the then Board of Prison Terms had revoked his parole for three parole violations as well—absconding from parole supervision, theft of a credit card, and cocaine use based on a positive urine test. (*Id.* at pp. 1180–1181.) In contrast here, appellant demonstrated that his parole was revoked solely for the conduct underlying his current conviction.

§ 23152, subd. (b)). He was arrested and taken into custody on July 16, 2006. At the time of his arrest he was on parole and he violated the terms of his parole by committing the two offenses and, at the time he committed those offenses, by drinking alcohol and driving without his parole officer's permission. (*Stump, supra,* 173 Cal.App.4th at p. 1267.)

The defendant remained in custody through the date of sentencing in May 2008, and he was arraigned "with respect to the July 16, 2006 incident" on December 20, 2006. (*Stump, supra,* 173 Cal.App.4th at p. 1268.) The court awarded credits for the period of December 20, 2006, through sentencing, but declined to grant credits for the defendant's period of custody from July 16, 2006, through December 20, 2006. (*Ibid.*)

On appeal, the defendant challenged the court's failure to award credits for the earlier period. That period of custody, he asserted, "was 'attributable to proceedings related to the same conduct for which' he was convicted" (*Stump, supra,* 173 Cal.App.4th at p. 1268) because "there was only one 'single, uninterrupted, incident of misconduct,' and '. . . a single episode of criminal behavior may [not] be parsed into separate acts in order to deny the award of credit for revocation custody . . . .' " (*Id.* at p. 1271.) The defendant "emphasize[d] the language of *Bruner* pertaining to 'unrelated incidents of misconduct.' " (*Ibid.*)

The Fourth District Court of Appeal noted that *Bruner* was not "directly on point" because "[t]he decision in [that case], inasmuch as it addressed only a fact pattern with completely unrelated incidents—alleged parole violations and a subsequent cocaine possession—did not address a fact pattern such as the one before [the court], where all of the acts in question were temporally related." (*Stump, supra,* 173 Cal.App.4th at p. 1271.)

The question presented, the court stated, was "how the *Bruner* 'but for' test should be applied when a defendant engages in a course of illegal conduct, such as drunk driving, that encompasses certain independent acts, none of which would be illegal per se, but each of which happens to be a separate ground for a parole violation, such as driving (without parole officer permission), or consuming alcoholic beverages in any amount." (*Stump, supra,* 173 Cal.App.4th at p. 1271.)

The appellate court answered that question as follows: "In the case before us, the conduct for which defendant was arrested gave rise to two drunk driving charges (violations of Veh. Code, § 23152, subds. (a), (b)). It is not the case that 'but for' a drunk driving charge defendant would have been free of parole revocation custody. He still would have been held for driving, which is not necessarily a crime in and of itself but may be, and was here, a

parole violation. Likewise, he still would have been held for consuming alcohol, which is not necessarily a crime in and of itself but may be, and was here, a parole violation. [¶] Penal Code 'section 2900.5 did not intend to allow credit for a period of presentence restraint unless the *conduct* leading to the sentence was the *true and only unavoidable basis* for the earlier custody.' (*Bruner, supra,* 9 Cal.4th at p. 1192.) Here, the conduct of driving under the influence of alcohol, for which defendant was sentenced in the underlying action, was not the 'only unavoidable basis' for the custody. The act of driving without permission was a basis for the earlier custody. The act of drinking alcohol, irrespective of driving, was a basis for the earlier custody. ' "Section 2900.5 does not authorize credit where the pending proceeding has no effect whatever upon a defendant's liberty." [Citation.]' (*Id.* at p. 1184.)" (*Stump, supra,* 173 Cal.App.4th at p. 1273.)

As can be seen, the defendant in *Stump* had his parole revoked for technical violations in addition to the criminal charges. (*Stump, supra,* 173 Cal.App.4th at p. 1267.)[7] Although appellant was alleged to have committed a violation of his parole by using/possessing alcohol, that violation was dismissed. Since appellant's parole was revoked only for the same conduct as in the criminal case, *Stump* does not apply.

Appellant was entitled to presentence credits from the day of his arrest, March 11, 2011, through the day of sentencing, which by our calculation is 252 days. Although this court has authority to modify the judgment to provide appellant with presentence custody credits (Pen. Code, § 1260), instead we will remand the matter to the trial court. Since neither the probation department nor the court considered whether appellant was entitled to *conduct* credits for the entire period of time he was in the Monterey County jail, which have to be earned under Penal Code section 4019 by performing additional labor (Pen. Code, § 4019, subd. (b)) and by an inmate's good behavior (Pen. Code, § 4019, subd. (c)), we will remand for a determination of this issue because it involves factual determinations more properly resolved there.

However, we will address appellant's remaining issues for the guidance of the trial court on remand.

---

[7] According to a status report of the Department of Corrections and Rehabilitation, the defendant in *Stump* violated the terms of his parole in three ways: (1) by driving under the influence of alcohol/drugs; (2) by violating the special condition prohibiting alcohol consumption; and (3) by violating the special condition prohibiting the operation of a motor vehicle without a parole officer's approval. (*Stump, supra,* 173 Cal.App.4th at p. 1267.)

*Equal Protection*

Appellant argues that pursuant to settled equal protection principles, the amendment to Penal Code section 4019 that became effective October 1, 2011, must be retroactively applied to him.

■ A criminal defendant is entitled to accrue both actual presentence custody credits under Penal Code section 2900.5 and conduct credits under Penal Code section 4019 for the period of incarceration prior to sentencing. As noted, *ante*, conduct credits may be earned under Penal Code section 4019 by performing additional labor (Pen. Code, § 4019, subd. (b)) and by an inmate's good behavior (Pen. Code, § 4019, subd. (c)). In both instances, the Penal Code section 4019 credits are collectively referred to as "conduct credits." (See *People v. Dieck* (2009) 46 Cal.4th 934, 939, fn. 3 [95 Cal.Rptr.3d 408, 209 P.3d 623].) The court is charged with awarding such credits at sentencing. (Pen. Code, § 2900.5, subd. (a).)

Before January 25, 2010, conduct credits under Penal Code section 4019 could be accrued at the rate of two days for every four days of actual time served in presentence custody. (Stats. 1982, ch. 1234, § 7, p. 4554 [former § 4019, subd. (f)].) Effective January 25, 2010, the Legislature amended Penal Code section 4019 in an extraordinary session to address the state's ongoing fiscal crisis. Among other things, Senate Bill No. 3X 18 (2009–2010 3d Ex. Sess.) amended section 4019 such that defendants could accrue custody credits at the rate of two days for every two days actually served, twice the rate as before except for those defendants required to register as sex offenders, those committed for serious felonies (as defined in § 1192.7), or those who had prior convictions for violent or serious felonies. (Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, §§ 50, 62 [Pen. Code, former § 4019, subds. (b), (c) & (f)].)

■ Effective September 28, 2010, Penal Code section 4019 was amended again to restore the presentence conduct credit calculation that had been in effect prior to the January 2010 amendments, eliminating one-for-one credits (hereafter the September 2010 amendment; Stats. 2010, ch. 426, § 2). By its express terms, the newly created Penal Code section 4019, subdivision (g), declared these September 2010 amendments applicable only to inmates confined for crimes committed on or after that date, expressing legislative intention that they have prospective application only. (Stats. 2010, ch. 426, § 2.)

Thereafter, again, the Legislature amended Penal Code section 4019. These statutory changes, among other things, reinstituted one-for-one conduct credits and made this change applicable to crimes committed on or after October

1, 2011, the operative date of the amendments, expressing legislative intent for prospective application only. (Pen. Code, § 4019, subds. (b), (c) & (h).) Appellant committed his crimes on March 11, 2011, approximately seven months before the effective date of this amendment.

Notwithstanding the express legislative intent that the changes to Penal Code section 4019, operative October 1, 2011 (hereafter the 2011 amendment), are to have prospective application only, appellant contends, on equal protection grounds, that he is entitled to the reinstituted one-for-one conduct credits implemented by those changes. He argues that *In re Kapperman* (1974) 11 Cal.3d 542, 544–545 [114 Cal.Rptr. 97, 522 P.2d 657] (*Kapperman*) compels this result, contending that it held "that a new statute that provides for presentence credits for inmates must be retroactively applied to *all* inmates by virtue of the equal protection clauses of the state and federal Constitutions."

■ Preliminarily, we note that to succeed on an equal protection claim, a defendant must first show that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner. (*People v. Wilkinson* (2004) 33 Cal.4th 821, 836–837 [16 Cal.Rptr.3d 420, 94 P.3d 551].)

In *Kapperman*, the Supreme Court reviewed a provision (then new Pen. Code, § 2900.5) that made actual custody credits prospective, applying only to persons delivered to the Department of Corrections after the effective date of the legislation. (*Kapperman, supra*, 11 Cal.3d at pp. 544–545.) The court concluded that this limitation violated equal protection because there was no legitimate purpose to be served by excluding those already sentenced, and extended the benefits retroactively to those improperly excluded by the Legislature. (*Id.* at p. 545.) In our view, *Kapperman* is distinguishable from the instant case because it addressed *actual* custody credits, not *conduct* credits. Conduct credits must be earned by a defendant, whereas custody credits are constitutionally required and awarded automatically on the basis of time served.

Our Supreme Court recently confirmed, "[c]redit for time served is given without regard to behavior, and thus does not entail the paradoxical consequences of applying retroactively a statute intended to create incentives for good behavior. *Kapperman* does not hold or suggest that prisoners serving time before and after the effective date of a statute authorizing *conduct* credits are similarly situated." (*People v. Brown* (2012) 54 Cal.4th 314, 330 [142 Cal.Rptr.3d 824, 278 P.3d 1182] (*Brown*).)

Although the Supreme Court in *Brown* was concerned with the January 2010 amendment to Penal Code section 4019 (*Brown, supra*, 54 Cal.4th at

p. 318), the reasoning of *Brown* applies with equal force to the prospective-only application of the current version of section 4019.

In *Brown*, the California Supreme Court expressly determined that *Kapperman* does not support an equal protection argument, at least insofar as conduct credits are concerned. (*Brown, supra*, 54 Cal.4th at pp. 328–330.) In rejecting the defendant's argument that the January 2010 amendments to section 4019 should apply retroactively, the California Supreme Court explained "the important correctional purposes of a statute authorizing incentives for good behavior [citation] are not served by rewarding prisoners who served time before the incentives took effect and thus could not have modified their behavior in response. That prisoners who served time before and after former section 4019 took effect are not similarly situated necessarily follows." (*Brown, supra*, at pp. 328–329.)

Similarly, we reject appellant's reliance on *People ex rel. Carroll v. Frye* (1966) 35 Ill.2d 604 [221 N.E.2d 262], as cited in a footnote in *Kapperman*. (*Kapperman, supra*, 11 Cal.3d at p. 547, fn. 6.) This Illinois case, similar to *Kapperman*, dealt with actual custody, and not presentence conduct credits with which we are concerned here. Moreover, the date that was considered potentially arbitrary or fortuitous in the equal protection analysis in *People ex rel. Carroll v. Frye* was the date of conviction, a date out of a defendant's control, and not the date the crime was committed. (*People ex rel. Carroll v. Frye, supra*, 221 N.E.2d at pp. 264–265.)

Even if this court were to agree that during the period of time that appellant was in presentence custody after October 1, 2011, he was similarly situated to other defendants who committed their crimes after October 1, and were in presentence custody, where, as here, the statutory distinction at issue neither "touch[es] upon fundamental interests" nor is based on gender, there is no equal protection violation "if the challenged classification bears a rational relationship to a legitimate state purpose. [Citations.]" (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1200 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*); see *People v. Ward* (2008) 167 Cal.App.4th 252, 258 [83 Cal.Rptr.3d 913] [rational basis review applicable to equal protection challenges based on sentencing disparities].) Under the rational relationship test, " ' " 'a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. [Citations.] Where there are "plausible reasons" for [the classification], "our inquiry is at an end." ' " ' " (*Hofsheier, supra*, 37 Cal.4th at pp. 1200–1201, italics omitted.)

We perceive such a plausible reason in this case as to the period of time appellant was in custody after October 1, 2011.

■ As our Supreme Court has acknowledged "statutes lessening the *punishment* for a particular offense" may be made prospective only without offending equal protection principles. (*Kapperman, supra,* 11 Cal.3d at p. 546.) In *Kapperman,* the court wrote that the Legislature may rationally adopt such an approach, "to assure that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written." (*Ibid.*)[8]

In *People v. Floyd* (2003) 31 Cal.4th 179 [1 Cal.Rptr.3d 885, 72 P.3d 820] (*Floyd*), the defendant sought to invalidate a provision of Proposition 36 barring retroactive application of its provisions for diversion of nonviolent drug offenders. (31 Cal.4th at pp. 183–184.) The court reiterated that the Legislature may preserve the penalties for existing offenses while ameliorating punishment for future offenders in order to " 'assure that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written.' " (*Id.* at p. 190.) The statute before the court came within this rationale because it "lessen[ed] punishment for particular offenses." (*Ibid.*) As the *Floyd* court noted, " '[t]he 14th Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time.' [Citation.]" (*Id.* at p. 191.)

"The very purpose of conduct credits is to foster constructive behavior in prison by reducing punishment." (*People v. Lara* (2012) 54 Cal.4th 896, 906 [144 Cal.Rptr.3d 169, 281 P.3d 72].) As our Supreme Court accepted in *Brown, supra,* 54 Cal.4th 314, "to increase credits reduces punishment." (*Id.* at p. 325, fn. 15.)

We gather that the rule acknowledged in *Kapperman* and *Floyd* is that a statute ameliorating punishment for particular offenses may be made prospective only without offending equal protection, because the Legislature will be supposed to have acted in order to optimize the deterrent effect of criminal penalties by deflecting any assumption by offenders that future acts of lenity will necessarily benefit them.

When appellant committed his crime his ability to earn conduct credit was limited to two days for every four days of actual time served in presentence custody. (§ 4019, as amended by Stats. 2010, ch. 426, § 2.)

Although the statute at issue here does not ameliorate punishment for a particular offense, it does, in effect, ameliorate punishment for all offenses

---

[8] In *Kapperman,* the court found that rationale inapplicable to the issue before the court. (*Kapperman, supra,* 11 Cal.3d at p. 546.)

committed after a particular date. By parity of reasoning to the rule acknowledged by both the *Kapperman* and *Floyd* courts, the Legislature could rationally have believed that by making the 2011 amendment to section 4019 have application determined by the date of the offense, they were preserving the deterrent effect of the criminal law as to those crimes committed before that date. To reward appellant with the enhanced credits of the 2011 amendment to section 4019, even for time he spent in custody after October 1, 2011, weakens the deterrent effect of the law as it stood when appellant committed his crimes. We see nothing irrational or implausible in a legislative conclusion that individuals should be punished in accordance with the sanctions and given the rewards (conduct credits) in effect at the time an offense was committed.

■ Finally, as respondent points out, over the past few years we have seen a series of incremental changes in conduct credit earning rates. Some of these changes have affected only those with serious felony priors and other disqualifications,[9] some only providing a benefit to those free from such burdens. Overall, the Legislature has tried to strike a delicate balance between reducing the prison population during the state's fiscal emergency and protecting public safety.[10] Although such an effort may have resulted in comparable groups obtaining different credit earning results, under the rational relationship test, the Legislature is permitted to engage in piecemeal approaches to statutory schemes addressing social ills and funding services to see what works and what does not. (*Warden v. State Bar* (1999) 21 Cal.4th 628, 649 [88 Cal.Rptr.2d 283, 982 P.2d 154] [reform measures can be implemented one step at a time].)

Accordingly, appellant's equal protection challenge is rejected.

As noted, by way of a supplemental opening brief, appellant argues that he is statutorily entitled to increased presentence conduct credits for the time in custody after October 1, 2011.

We reiterate that according to the explicit language of the statute, the 2011 amendment to Penal Code section 4019 applies only to crimes that were "committed on or after October 1, 2011." (Pen. Code, § 4019, subd. (h).)

---

[9] For instance, the January 25, 2010 amendment to Penal Code section 4019, which gave two days of conduct credit for every two days of actual custody or approximately one-half off a defendant's sentence, excluded from the enhanced credit provisions defendants having prior convictions for serious or violent felonies, defendants who were being sentenced for serious felonies and any defendant required to register as a sex offender under Penal Code section 290. (Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, §§ 50, 62 [Pen. Code, former § 4019, subds. (b), (c) & (f)].)

[10] The January 2010 amendment to Penal Code section 4019 was enacted during a state fiscal emergency. (*Brown, supra,* 54 Cal.4th at p. 318.)

At the outset it is important to clarify that appellant was in presentence custody from March 11, 2011, up to and including November 17, 2011. Thus, he was in presentence custody for 47 days after the effective date of the 2011 amendment to Penal Code section 4019.

■ Relying on dicta in this court's opinion in *People v. Olague* (2012) 205 Cal.App.4th 1126 [141 Cal.Rptr.3d 185] (*Olague*), appellant argues that he is statutorily entitled to increased presentence conduct credits for the time in custody after October 1, 2011. The Supreme Court has granted review in *Olague* (review granted Aug. 8, 2012, S203298). An opinion is no longer considered published if the Supreme Court grants review (Cal. Rules of Court, rule 8.1105(e)(1)) and may not be relied on or cited (Cal. Rules of Court, rule 8.1115(a)).

### Disposition

The case is remanded to the trial court for the limited purpose of determining appellant's *conduct* credits. The court is ordered to add appellant's *conduct* credits to the 252 days' custody credit to which appellant is entitled. The court is directed to amend the abstract of judgment accordingly and to provide a certified copy thereof to the Department of Corrections and Rehabilitation.

Rushing, P. J., and Premo, J., concurred.