Filed 5/9/13  P. v. Lopez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H037735 & H038136 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS101249) |
| v. | |
| ENRIQUE ARGUETA LOPEZ, | |
| Defendant and Appellant. | |

Defendant Enrique Argueta Lopez appeals a judgment of conviction following his plea of guilty to two counts of possession of stolen rifles (Pen. Code, § 12020, subd. (a)(1)),[1] and admission that one of those counts was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).

Defendant was awarded 385 days of total custody credit, consisting of 257 days of actual credit, and 128 days of conduct credit.  On appeal he asserts he is entitled to an additional 128 conduct credits pursuant to the October 1, 2011 amendments to section 4019.

---

[1] All statutory references are to the Penal Code.

## STATEMENT OF THE CASE[2]

*H037735*

In May 2010, defendant was charged with four counts of possession of stolen rifles (§ 12020, subd. (a)(1)), six counts of receiving or concealing stolen property (§ 496, subd. (a)), and one count of making a false police report (§ 148.3). The information also contained an allegation that defendant committed one count of possession of stolen rifles and one count of receiving or concealing stolen property for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).

In June 2010, defendant pleaded guilty to two counts of possession of stolen rifles (§ 12020, subd. (a)(1)), and admitted one of the gang allegations, in exchange for an agreement that he would be granted probation, and would be ordered to serve 180 days in jail. The remaining charges and the gang allegation were dismissed pursuant to the plea agreement.

During the period between August 2010, and August 2011, the district attorney brought four separate petitions alleging defendant violated his probation. Defendant admitted all the violations.

On November 1, 2011, defendant was sentenced to five years in state prison. The court awarded defendant 385 days of total custody credit, consisting of 257 days of actual credit, and 128 days of conduct credit.

In December 2011, defendant filed a notice of appeal.

*H038126*

On March 20, 2012, defendant brought a motion in the trial court requesting an additional 128 custody credits pursuant to a retroactive application of the October 2011

---

[2] The underlying facts are omitted because they are not relevant to the issues on appeal.

amendments to section 4019. The court denied the motion, and defendant filed a notice of appeal.

On May 3, 2012, defendant moved to consolidate H037735 and H038126 for appeal. This court denied the motion, but ordered the cases would be considered together for briefing, oral argument, and disposition.

DISCUSSION

Defendant raises two arguments on appeal to support his contention that he is entitled to additional conduct credits under the amendments to section 4019. First, he asserts "a harmonized construction of the conflicting language in the October 1, 2011 amendment" to section 4019 requires a one-for-one calculation of conduct credits. Defendant's actual custody credit in this case was 257 days, 225 days served before October 1, 2011, and 32 days served after October 1, 2011. Defendant argues that pursuant to dicta in this court's opinion in *People v. Olague* (2012) 205 Cal.App.4th 1126 (*Olague*) (review granted Aug. 8, 2012, S203298), he is statutorily entitled to the increased credits provided in the 2011 amendment for the 32 days he spent in custody on and after October 1, 2011.

We reject this argument as we did in *People v. Kennedy* (2012) 209 Cal.App.4th 385, 395-396 (*Kennedy*). "The Supreme Court has granted review in *Olague* (review granted Aug. 8, 2012, S203298). An opinion is no longer considered published if the Supreme Court grants review (Cal. Rules of Court, rule 8.1105(e)(1)) and may not be relied on or cited. (Cal. Rules of Court, rule 8.1115(a).)" (*Id.* at p. 400.)

Defendant's second argument on appeal is that federal and state equal protection principles require that the more favorable conduct credit scheme set forth in the amendment to section 4019 effective October 1, 2011, be applied to him notwithstanding that he committed the crimes prior to October 1, 2011.

3

The current version of section 4019 generally provides that a defendant may earn conduct credit at a rate of two days for every two-day period of actual custody.  (§ 4019, subds. (b), (c) & (f).)  However, as defendant acknowledges, the current version of section 4019 states that the conduct credit rate "shall apply prospectively and shall apply to prisoners who are confined to a county jail [or other local facility] for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law."  (§ 4019, subd. h).)

In this case, defendant committed his crimes in April 2010, prior to the amendment that went into effect on October 1, 2011.  Defendant was sentenced on November 1, 2011.  Thus the October 2011 version of section 4019, which provides for prospective application, does not apply to defendant.  (§ 4019, subd. (h); *People v. Brown* (2012) 54 Cal.4th 314, 322, fn. 11 (*Brown*); *Kennedy, supra,* 209 Cal.App.4th at pp. 395-396.)

In *Kennedy*, we were faced with an equal protection challenge to the prospective application of the 2011 amendment similar to the one raised by defendant in this case. Relying on *Brown, supra*, 54 Cal.4th 314, we concluded that applying the 2011 amendment to section 4019 (with its one-for-one conduct credit formula) prospectively to persons who committed crimes on or after October 1, 2011, did not violate principles of equal protection.  We explained that "to succeed on an equal protection claim, a defendant must first show that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner.  [Citation.]"  (*Kennedy, supra*, 209 Cal.App.4th at p. 396.)  We concluded that defendants who committed crimes before October 1, 2011, and defendants who committed crimes on or after October 1, 2011, are not similarly situated for purposes of earning presentence conduct credits.  (*Id*. at pp. 396-397; accord, *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1551-1552 ( review

4

den. Oct. 31, 2012, S205334.)

We noted in *Kennedy* that "[a]lthough the Supreme Court in *Brown* was concerned with the January 2010 amendment to section 4019 (*Brown, supra*, 54 Cal.4th at p. 318), the reasoning of *Brown* applies with equal force to the prospective-only application of the current [October 1, 2011] version of section 4019." (*Kennedy, supra*, 209 Cal.App.4th at pp. 396-397.)  And we then explained that "[i]n rejecting the defendant's argument that the January 2010 amendments to section 4019 should apply retroactively, the California Supreme Court explained 'the important correctional purposes of a statute authorizing incentives for good behavior [citation] are not served by rewarding prisoners who served time before the incentives took effect and thus could not have modified their behavior in response. That prisoners who served time before and after former section 4019 took effect are not similarly situated necessarily follows.' [Citation.]" (*Id*. at p. 397.)  In accordance with our decision in *Kennedy*, we again conclude that defendants who committed crimes before October 1, 2011, and defendants who committed crimes on or after October 1, 2011, are not similarly situated for purposes of earning presentence conduct credits.

Defendant's reliance on *In re Kapperman* (1974) 11 Cal.3d. 542, is misplaced.  As we held in *Kennedy*, relying on the Supreme Court's reasoning in *Brown, supra*, 54 Cal.4th at page 326:  "In *Kapperman*, the Supreme Court reviewed a provision (then new Penal Code § 2900.5) that made actual custody credits prospective, applying only to persons delivered to the Department of Corrections after the effective date of the legislation. [Citation] The court concluded that this limitation violated equal protection because there was no legitimate purpose to be served by excluding those already sentenced, and extended the benefits retroactively to those improperly excluded by the Legislature.  [Citation]." (*Kennedy, supra*, 209 Cal.App.4th at p. 396.)  Accordingly, "*Kapperman* is distinguishable from the instant case because it addressed *actual* custody

5

credits, not *conduct* credits. Conduct credits must be earned by a defendant, whereas custody credits are constitutionally required and awarded automatically on the basis of time served." (*Ibid.*)

We reject defendant's equal protection challenge to the prospective application of the October 1, 2011 amendment to section 4019. Defendant, who pleaded guilty to crimes he committed was convicted of a burglary committed in April 2010, is not entitled to one-for-one presentence conduct credit under the 2011 amendment, because that amendment is expressly applicable only to defendants who commit crimes on or after October 1, 2011.

**DISPOSITION**

In H037735, the judgment is affirmed.

In H038126, the order appealed from is affirmed.

_____

RUSHING, P.J.

WE CONCUR:


_____

PREMO, J.



_____

ELIA J.

6
