Filed 6/5/13  P. v. Hawkins CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>MARCUS ANDRE HAWKINS,<br><br>  Defendant and Appellant. | F064216<br><br>(Super. Ct. Nos. 1420849, 1422553)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Scott T. Steffen, Judge.

Elisa A. Brandes, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Galen N. Farris, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Wiseman, J. and Levy, J.

Defendant challenges the rate at which he was awarded conduct credits for time spent in county jail prior to commencement of his prison sentence. We find no error and affirm.

### *FACTUAL AND PROCEDURAL BACKGROUND*

Defendant was charged by information with two counts of burglary; the offenses allegedly occurred on September 16, 2009, and June 25, 2010.[1] He was arrested in July 2010, and remained in custody while the criminal proceedings were pending. He was convicted of both counts after a jury trial, and was sentenced to state prison in December 2011. Pursuant to Penal Code section 4019,[2] defendant was given presentence conduct credits[3] at the rate of two days for every four days of actual confinement. He appeals, contending the current version of section 4019, properly interpreted, entitles him to two days of presentence conduct credits for every two-day period of confinement and to interpret it otherwise would violate equal protection.

### DISCUSSION

### I.     Standard of Review

"'The interpretation of a statute and the determination of its constitutionality are questions of law. In such cases, appellate courts apply a de novo standard of review.' [Citations.]" (*Valov v. Department of Motor Vehicles* (2005) 132 Cal.App.4th 1113, 1120.)

---

[1] Because the facts of the offenses and the exact nature of the charges are not pertinent to the issues raised in defendant's appeal, we will not discuss them in any detail.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

[3] Conduct credit includes credit for both performing labor and good behavior. (§ 4019, subds. (b), (c); *People v. Dieck* (2009) 46 Cal.4th 934, 939, fn. 3.)

## II.  Statutory Construction

Section 4019 governs credit to be given to a defendant convicted of a felony for time spent in county jail "from the date of arrest to the date on which the serving of the sentence commences."  (§ 4019, subd. (a)(1).)  Prior to January 25, 2010, presentence conduct credits under section 4019 accrued at a rate of two days for every four days of actual time served in presentence custody.  (*People v. Kennedy* (2012) 209 Cal.App.4th 385, 395 (*Kennedy*); Stats. 1982, ch. 1234, § 7, p. 4554.)  An amendment effective from January 25, 2010 to September 28, 2010, increased the rate, so that custody credits accrued at a rate of two days of credit for every two days actually served.  (*Kennedy, supra*, 209 Cal.App.4th at p. 327; Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, § 50.)  For those defendants required to register as sex offenders, those committed for serious felonies (as defined in § 1192.7), and those who had prior convictions for violent or serious felonies, however, two days of conduct credit were earned for every four days spent in actual custody.  (Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, § 50.)  By amendments that became operative on October 1, 2011, the Legislature enacted the current version of the statute, under which two days of conduct credit may be earned for each two days of actual custody.  (§ 4019, subds. (b), (c); *People v. Verba* (2012) 210 Cal.App.4th 991, 993 (*Verba*).)

The current version of the statute provides that it applies prospectively, "to prisoners who are confined to a county jail … for a crime committed on or after October 1, 2011.  Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law."  (§ 4019, subd. (h).)  The former sentence expressly makes the amended statute applicable when the crime was committed on or after October 1, 2011.  Although the latter sentence is less clearly expressed, we interpret it to mean that conduct credit for other prisoners is governed by prior law.  As stated in *People v. Rajanayagam* (2012) 211 Cal.App.4th 42 (*Rajanayagam*):  """A statute should be

3

construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error."' [Citations.] Therefore, we cannot read the second sentence to imply any days earned by a defendant *after* October 1, 2011, shall be calculated at the enhanced conduct credit rate for an offense committed before October 1, 2011, because that would render the first sentence superfluous." (*Id*. at p. 51.) Defendant's offenses were committed before October 1, 2011. By the terms of section 4019, he was not entitled to the benefit of the October 1, 2011, version of that section. Consequently, the trial court properly calculated his conduct credits in accordance with prior law.

## III. Equal Protection

"The Fourteenth Amendment to the United States Constitution and article I, section 7, subdivision (a) of the California Constitution both prohibit the denial of equal protection of the laws." (*People v. Cruz* (2012) 207 Cal.App.4th 664, 674.) "The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally. [Citation.] Accordingly, '"[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner."' [Citation.] 'This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged."' [Citation.]" (*People v. Brown* (2012) 54 Cal.4th 314, 328.) Prisoners who were in jail on or after October 1, 2011, and who committed an offense on or after that date are similarly situated to prisoners who were in jail on or after October 1, 2011, and who committed the same offense before October 1, 2011, for purposes of earning conduct credits under section 4019. (*Rajanayagam, supra*, 211 Cal.App.4th at pp. 53–54.) Both classes were presumably aware of the conduct credit

4

provisions and those provisions acted as an incentive to perform assigned work and comply with applicable rules and regulations during the time period beginning October 1, 2011. (*Ibid.*)

Defendant's offenses were committed prior to October 1, 2011. He was arrested and placed in custody prior to that date, but he remained in presentence custody both before and after October 1, 2011. The statutory classification results in less favorable treatment for defendant than for those who committed their offenses on or after October 1, 2011, although defendant served part of his presentence custody time along with those defendants.

> "Both classifications of prisoners, pre- and post-October 1, 2011, offense defendants, are aware of the conduct credit provision and have an incentive to perform assigned work and comply with rules and regulations because both classifications have the opportunity to earn conduct credit, just at different rates. To argue that a defendant who committed an offense before October 1, 2011, but was in local custody on or after that date was not aware of the conduct credit provision and did not have an incentive to work and behave is unpersuasive. Both classes have an incentive to work and behave but a defendant who committed a crime before the effective date is rewarded less. Thus, based on the facts before us, the current version of section 4019 creates a classification that affects two similarly situated groups in an unequal manner. [Citations.]" (*Rajanayagam, supra*, 211 Cal.App.4th at pp. 53–54.)

Consistent with *Rajanayagam,* we conclude defendant is similarly situated to prisoners whose offenses were committed on or after October 1, 2011, for purposes of application of section 4019 conduct credits.

If the persons differently affected by the statute are similarly situated, we must determine whether the statute's classifications violate equal protection. A statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights is analyzed under the rational basis test. (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1200–1201.) Under this test, which applies to conduct credits, we

5

inquire whether the "classifications between those to whom the state accords and withholds substantial benefits [are] reasonably related to a legitimate public purpose." (*In re Kapperman* (1974) 11 Cal.3d 542, 545–546; *In re Stinnette* (1979) 94 Cal.App.3d 800, 805.) The statutory classification "must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." (*Rajanayagam, supra*, 211 Cal.App.4th at p. 53.)

While "the purpose of section 4019's conduct credits generally is to affect inmates' behavior by providing them with incentives to work and behave, [the purpose of the October 1, 2011, amendment of section 4019 was] 'to reduce recidivism and improve public safety, while at the same time reducing corrections and related criminal justice spending.' [Citation.]" (*Rajanayagam, supra*, 211 Cal.App.4th at pp. 54–55.) Rational basis review of an equal protection challenge is deferential; we may not intrude on the Legislature's policy judgments, or "second-guess the wisdom, fairness, or logic of the law." (*People v. Turnage* (2012) 55 Cal.4th 62, 74, 77.) "When conducting rational basis review, we must accept any gross generalizations and rough accommodations that the Legislature seems to have made." (*Id*. at p. 77.)

We agree with the *Rajanayagam* court that the Legislature's classification bears a rational relationship to its stated purposes.

> "Preliminarily, we note the California Supreme Court has stated equal protection of the laws does not forbid statutes and statutory amendments to have a beginning and to discriminate between rights of an earlier and later time.…
>
> "More importantly, in choosing October 1, 2011, as the effective date of Assembly Bill No. 109, the Legislature took a measured approach and balanced the goal of cost savings against public safety. The effective date was a legislative determination that its stated goal of reducing corrections costs was best served by granting enhanced conduct credits to those defendants who committed their offenses on or after October 1, 2011. To be sure, awarding enhanced conduct credits to everyone in local confinement would have certainly resulted in greater cost savings than

6

awarding enhanced conduct credits to only those defendants who commit an offense on or after the amendment's effective date. But that is not the approach the Legislature chose in balancing public safety against cost savings. [Citation.] Under the very deferential rational relationship test, we will not second-guess the Legislature and conclude its stated purpose is better served by increasing the group of defendants who are entitled to enhanced conduct credits when the Legislature has determined the fiscal crisis is best ameliorated by awarding enhanced conduct credit to only those defendants who committed their offenses on or after October 1, 2011." (*Rajanayagam, supra*, 211 Cal.App.4th at pp. 55–56; accord, *Verba, supra,* 210 Cal.App.4th at pp. 996–997.)

The Legislature is also permitted to make incremental changes, as it tries to determine the best means to achieve its purposes. (*Kennedy, supra,* 209 Cal.App.4th at p. 399.) Because the classifications used by the Legislature bear a rational relationship to the purposes of the statutory amendment, we find no violation of the constitutional right to equal protection.

## *DISPOSITION*

The judgment is affirmed.

7