Filed 12/15/15  P. v. Castro CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICARDO E. CASTRO,<br><br>    Defendant and Appellant. | D067020<br><br><br><br>(Super. Ct. Nos. SCS272475 & SCS273720) |

APPEAL from a judgment of the Superior Court of San Diego County, Garry G. Haehnle, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Ricardo E. Castro contends he should be awarded one additional day of custody credits because the court used the date he was booked into jail as the start date for its calculation rather than the date of his arrest. Affirmed.

OVERVIEW

Defendant pleaded guilty in case No. SCS272475 to evading a peace officer while driving recklessly (Veh. Code, § 2800.2, subd. (a); count 1) and driving a vehicle while under the influence of drugs (*id.*, § 23152, subd. (e); count 4). In exchange for the plea, the trial court dismissed counts 2, 3 and 5, as well as three prior prison term allegations.

Defendant also pleaded guilty in case No. SCS273720 to carjacking (Pen. Code, § 215, subd. (a); count 1) and vandalism causing damages of less than $400 (*id.*, § 594, subds. (a) & (b)(2)(A); count 2). Defendant admitted an on-bail enhancement as to count 1 and a gang enhancement as to count 2 (Pen. Code, §§ 12022.1, subd. (b) & 186.22, subd. (d), respectively). The court sentenced defendant to state prison.

DISCUSSION

As noted, defendant's sole contention on appeal is he should be awarded an additional day of custody credits in case No. SCS272475. According to his probation report in case No. SCS272475, in the evening of May 29, 2014, defendant fell out of a stolen vehicle he had been driving after the vehicle struck a corner of a residence. Defendant was subsequently apprehended by a police canine unit after he ran from the scene. Following his arrest, he was transported to county jail but was "rejected based on his complaint of back pain." Defendant was next transported to the hospital at UCSD where he was evaluated for a "muscle strain to his back." Defendant was later "medically

released and transported to county jail," where the record shows he was booked on May 30, 2014. Because he was placed under arrest on May 29, defendant contends that is the date that should have been used in determining custody credits, not May 30 when he was booked.

Penal Code section 2900.5, subdivision (a) generally provides anyone convicted of a felony is entitled to credit against his or her term of imprisonment for time spent in "custody" prior to sentencing. (Pen. Code, § 2900.5, subd. (a).) We noted in *People v. Ravaux* (2006) 142 Cal.App.4th 914 (*Ravaux*) that whether a defendant was in " 'custody' for the purposes of Penal Code section 2900.5 while detained by the police prior to being booked into jail" was a matter of statutory interpretation that involved a question of law. (*Ravaux*, at p. 919.) We concluded in *Ravaux* that a defendant was not in custody within the meaning of Penal Code section 2900.5 "prior to being processed into a jail or similar custodial situation as described in section 2900.5, subdivision (a)," and thus that the court "was correct in calculating [the defendant's] custody credits beginning when he was booked into jail rather than from the time of his arrest." (*Ibid.*)

We noted in *Ravaux* that the "plain language of section 2900.5 addresses only residential custody arrangements and makes no mention of detention, seizure or arrest by the police as being the type of custody included in the calculation of custody credits. Time spent prior to sentencing in 'jail, camp, work furlough facility, halfway house, rehabilitation facility, hospital, prison, juvenile detention facility, or *similar residential institution*' is to be credited against any sentence imposed after conviction. (§ 2900.5, subd. (a), italics added.) Arrest or detention by police prior to booking is not mentioned

3

anywhere in section 2900.5. It is clear from the plain language of the statute that custody credits are to be given for time spent within a residential detention facility, not for merely being in the custody of police.

"That the Legislature considered only residential custody situations and not arrest and detention by the police as the concern of this statute is also apparent in the language directing the trial court to determine the credit a defendant is entitled to: 'It shall be the duty of the court imposing the sentence to determine the date or dates of any *admission to,* and release from, custody prior to sentencing[.]' (§ 2900.5, subd. (d), italics added.) Had the Legislature intended to begin the counting of custody credits at the time of detention, it could have done so by using 'arrest' or 'seizure' in place of 'admission.' Rather, the Legislature's use of 'admission' clearly implies the placing of the defendant in a facility, not merely detention by police.

"[The defendant's] interpretation of the statute, granting custody credit beginning at the time of arrest, does not further the purposes for which section 2900.5 was adopted. The statute addresses a ' "dual legislative purpose of 'eliminat[ing] the unequal treatment suffered by indigent defendants who, because of their inability to post bail, served a longer overall confinement than their wealthier counterparts' [citation] and equalizing the actual time served in custody for given offenses. [Citation.]" ' [Citations.] This 'reflect[s] the basic philosophy that when a person is incarcerated he is being punished by the reality of incarceration.' [Citation.] Being arrested and detained by the police, though certainly onerous, is not incarceration until the subject has been booked into jail. There is none of the unequal treatment this statute was directed at during a period of prebooking

4

detention because all felony defendants, whether they are able to post bail or not, are likely to be arrested and detained by police prior to being booked into jail. Extending the scope of the statute to the limits argued by [the defendant] does nothing to eliminate the unequal treatment the statute was designed to avoid." (*Ravaux*, *supra*, 142 Cal.App.4th at pp. 919-920.)

*Ravaux* informs our decision in the instant case. The record shows defendant was booked into jail on May 30, 2014. The record further shows that probation and the court used the May 30 booking as the date to calculate defendant's custody credits under Penal Code section 2900.5, when defendant was awarded nine days of actual custody credit and one day of conduct credit. Although defendant went to UCSD in the evening of May 29, 2014 complaining of back pain, we conclude he was not then in a "residential detention facility" as required by subdivision (a) of Penal Code section 2900.5.

Defendant relies on *People v. Kennedy* (2012) 209 Cal.App.4th 385 (*Kennedy*) to argue custody credits are earned from the time of arrest. We note in that case, however, the defendant had been arrested and placed in jail on the *same* day, March 11, 2011. (*Id.* at pp. 389, 394.) Thus, *Kennedy* does not support defendant's position that the date of arrest, as opposed to the date of booking, governs the award of custody credits.

In any event, we agree with *Ravaux* that the "booking of a suspect into jail represents a bright line for trial courts to begin counting credits." (*Ravaux*, *supra*, 142 Cal.App.4th at p. 921.) We thus conclude the court properly calculated defendant's custody credits using the date of his booking.

5

DISPOSITION

The judgment of conviction is affirmed.

BENKE, J.

WE CONCUR:

McCONNELL, P. J.

PRAGER, J.[*]

---

[*] Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.