Filed 6/14/22  P. v. Robinson CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>KEVIN ROBINSON,<br><br>  Defendant and Appellant. | F082480<br><br>(Super. Ct. No. F16907196)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Gary D. Hoff, Judge.

Solomon Wollack, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Heather S. Gimle, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Meehan, J. and De Santos, J.

## INTRODUCTION

Appellant Kevin Robinson pled no contest to numerous offenses, including attempted kidnapping to commit robbery (Pen. Code, §§ 664/209, subd. (b)(1)),[1] second degree robbery (§ 211), and home invasion robbery (§§ 211/213, subd. (a)(1)(A)). The trial court sentenced appellant to 30 years in state prison pursuant to the terms of a negotiated plea agreement.

Appellant's claims on appeal are limited to the trial court's calculation of his presentence conduct credits pursuant to section 4019. First, he claims the trial court should have awarded presentence conduct credits for his time spent on presentence electronic monitoring. Second, he claims the trial court inadvertently excluded 40 days of actual custody time from its calculation, thereby denying him six additional days of presentence conduct credits. Respondent concedes both claims. We accept respondent's concessions and remand the matter to the trial court to recalculate appellant's presentence conduct credits. In all other respects, we affirm.

## BACKGROUND

Appellant's convictions are based on a series of armed robberies involving 13 different victims. We need not discuss the facts underlying appellant's conviction in detail because they are not relevant to this appeal.

At appellant's sentencing hearing, the trial court awarded the following presentence credits: 823 days for time spent in actual custody, plus 117 days of conduct credits pursuant to section 4019, plus 677 days for time spent on presentence electronic monitoring, for a total of 1,617 days. Because appellant was convicted of a violent felony within the meaning of section 667.5, subdivision (c), his accrual of conduct credits was limited pursuant to section 2933.1, subdivision (a) to "no more than 15 percent."

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

## DISCUSSION

**I.    Appellant's claims regarding presentence conduct credits are properly before this court.**

As a threshold matter, appellant contends the appellate waiver he entered as part of his plea agreement does not prohibit him from raising the instant claims on appeal. Appellant's waiver and plea form states he was required to "waive rights to appeal," and the court advised appellant during the plea colloquy that he was waiving his right to appeal "any of the findings or orders the Court [made] in this case."  Respondent concedes the appellate waiver does not encompass challenges to the misapplication of conduct credits.  We accept respondent's concession.  "[A]lthough appellant signed a general waiver of his right to appeal, he is not barred from challenging an alleged misapplication of conduct credits on appeal where, as here, the plea agreement and waiver of appellate rights made no mention of conduct credits." (*People v. Kennedy* (2012) 209 Cal.App.4th 385, 391.)

Appellant also contends his claims are not barred by section 1237.1, which states, in pertinent part:

> "No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, *or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court, which may be made informally in writing*." (§ 1237.1, italics added.)

On August 5, 2021, appellant sent a letter to the trial court requesting that it correct the alleged credits errors.  Respondent concedes the letter satisfies section 1237.1. We accept respondent's concession and conclude appellant's claims on appeal regarding the calculation of credits are not barred by section 1237.1.

**II. We remand the matter to the trial court to recalculate appellant's conduct credits.**

Appellant contends the trial court should have awarded presentence conduct credits for his time spent on presentence electronic monitoring. While section 4019, subdivision (a)(7), makes conduct credits available for postjudgment electronic monitoring pursuant to section 1203.016, there is no equivalent section for time spent on presentence electronic monitoring pursuant to section 1203.018. (*People v. Yanez* (2019) 42 Cal.App.5th 91, 96.) However, *Yanez* held that "this disparity in eligibility for conduct credits between pretrial and postjudgment electronic monitoring home detainees violates equal protection," and therefore presentence detainees on electronic monitoring are entitled to conduct credits. (*Id.* at p. 93.)

Respondent concedes the trial court's calculation of conduct credits should have included appellant's time spent on presentence electronic monitoring. We accept respondent's concession. On remand, the trial court's calculation of presentence conduct credits shall include the time appellant spent on presentence electronic monitoring.

Appellant also contends the trial court should have awarded him six additional days of conduct credits for time spent in actual custody. Respondent concedes, and we accept respondent's concession. Appellant spent 823 days in actual presentence custody, but the trial court only granted 117 days of conduct credits. It appears the trial court derived these figures from the calculation of credits in the probation report, which was premised on appellant being sentenced on December 17, 2020. However, sentencing was continued to January 26, 2021, which was 40 days later. While the grant of 823 custody credits for actual days in custody is accurate, the calculation of 117 days of conduct credits did not include the 40-day continuance. Had the trial court included the additional 40 days, it would have arrived at a calculation of 123 days of conduct credits, which is 15 percent of 823, rounded down to the nearest whole number. (See *People v. Ramos* (1996)

50 Cal.App.4th 810, 816–817.) On remand, the trial court's calculation of conduct credits shall include the omitted 40 days of actual presentence custody time.

## DISPOSITION

The matter is remanded to the trial court to recalculate the amount of conduct credits to which appellant is entitled pursuant to sections 4019 and 2933.1, subdivision (a). Such calculation shall include all of appellant's time in actual presentence custody as well as time on presentence electronic monitoring. The trial court is directed to issue an amended abstract of judgment reflecting the updated credits and forward a copy to the appropriate entities. In all other respects, the judgment is affirmed.