Filed 5/31/13  P. v. Deanda CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C070057 |
| v. | (Super. Ct. No. 11F04586) |
| JOSE ALBERTO DEANDA, | |
| Defendant and Appellant. | |

Defendant Jose Alberto Deanda appeals from a judgment after he pled no contest to first degree burglary. He argues the trial court erred in failing to award him enhanced presentence credits under the current version of Penal Code section 4019,[1] amended pursuant to the Criminal Justice Realignment Act of 2011 (Stats. 2011, ch. 15, § 482) (Realignment Act), and thus he is entitled to additional conduct credits. We disagree and affirm the judgment.

---

[1] Undesignated statutory references are to the Penal Code.

1

FACTS

Defendant committed first degree burglary on June 26, 2011. On December 9, 2011, he pled no contest to that charge and was immediately sentenced to serve a term in state prison for two years. He was awarded 217 days of presentence custody credits, consisting of 145 days actually served plus 72 days for good conduct. The trial court calculated the conduct credits at the rate in existence at the time he committed the offense.[2]

DISCUSSION

Operative October 1, 2011, the Realignment Act amended section 4019 to enhance the rate at which defendants could earn conduct credits from two days for every four days actually served (former § 4019) to two days for every two days actually served (amended § 4019, subd. (f)). The Realignment Act also added subdivision (h) to section 4019, which provides: "The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to [specified facilities] for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law."

On appeal, defendant contends he is entitled to have his presentence conduct credits calculated at the enhanced rate provided by the Realignment Act for his days in custody from October 1, 2011, to December 9, 2011. He argues that pursuant to the rule of lenity, the language of subdivision (h) of section 4019 should be interpreted to award presentence conduct credits for custody on or after October 1, 2011. He also argues that

---

[2]     The rate for calculating conduct credit in existence on June 26, 2011, was to divide the number of days actually served by four, truncate any remainder, and then multiply the quotient by two. (See *People v. Culp* (2002) 100 Cal.App.4th 1278, 1283.)

for defendants who committed offenses prior to October 1, 2011, principles of equal protection compel the application of section 4019 to defendants in presentence custody from October 1, 2011, to the date of sentencing. Consistent with the reasoning of other appellate courts that have addressed these arguments, we reject both arguments.

### *Statutory Construction*

Under the rule of lenity, "California [courts] will ' "construe a penal statute as favorably to the defendant as its language and the circumstances of its application may reasonably permit . . . ." ' [Citation.]" (*In re Michael D.* (2002) 100 Cal.App.4th 115, 125.) "However, application of the rule of lenity is inappropriate unless, after consideration of the intent of the statute, the canons of statutory construction, and an analysis of the legislative history, the statute is still ambiguous." (*Ibid.,* see also *People v. Avery* (2002) 27 Cal.4th 49, 58 ["[A]lthough true ambiguities are resolved in a defendant's favor, an appellate court should not strain to interpret a penal statute in defendant's favor if it can fairly discern a contrary legislative intent"].)

As noted, subdivision (h) provides: "The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to [specified facilities] for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law."

Subdivision (h) does contain an ambiguity. Specifically, while the first sentence of subdivision (h) expresses the Legislature's intent that application of the enhanced conduct credits are limited to defendants whose crimes are committed on or after October 1, 2011, the second sentence of the subdivision arguably implies any days earned by a defendant on or after October 1, 2011, should be calculated at the rate required by the current law.

3

Two appellate courts have addressed this ambiguity and interpreted subdivision (h) to give effect to both sentences, such that neither sentence will be rendered inoperative, superfluous, void, or insignificant. In *People v. Ellis* (2012) 207 Cal.App.4th 1546 (*Ellis*), the court concluded: "In our view, the Legislature's clear intent was to have the enhanced rate apply only to those defendants who committed their crimes on or after October 1, 2011. [Citation.] The second sentence does not extend the enhancement rate to any other group, but merely specifies the rate at which all others are to earn conduct credits. So read, the sentence is not meaningless, especially in light of the fact the October 1, 2011, amendment to *section 4019*, although part of the so-called realignment legislation, applies based on the date a defendant's crime is committed, whereas *section 1170, subdivision (h),* which sets out the basic sentencing scheme under realignment, applies based on the date a defendant is sentenced." (*Ellis, supra*, 207 Cal.App.4th at p. 1553, first italics omitted; all other italics added.)

In *People v. Rajanayagam* (2012) 211 Cal.App.4th 42 (*Rajanayagam*), the court concluded: "[W]e cannot read the second sentence to imply any days earned by a defendant *after* October 1, 2011, shall be calculated at the enhanced conduct credit rate for an offense committed before October 1, 2011, because that would render the first sentence superfluous." (*Rajanayagam, supra,* 211 Cal.App.4th at p. 51.) *Rajanayagam* explained its reasoning: "[S]ubdivision (h)'s first sentence reflects the Legislature intended the enhanced conduct credit provision to apply only to those defendants who committed their crimes on or after October 1, 2011. Subdivision (h)'s second sentence does not extend the enhanced conduct credit provision to any other group, namely those defendants who committed offenses before October 1, 2011, but are in local custody on or after October 1, 2011. Instead, subdivision (h)'s second sentence attempts to clarify that those defendants who committed an offense before October 1, 2011, are to earn credit under the prior law. However inartful the language of subdivision (h), we read the

4

second sentence as reaffirming that defendants who committed their crimes before October 1, 2011, still have the opportunity to earn conduct credits, just under prior law. [Citation.] To imply the enhanced conduct credit provision applies to defendants who committed their crimes before the effective date but served time in local custody after the effective date reads too much into the statute and ignores the Legislature's clear intent in subdivision (h)'s first sentence." (*Id*. at p. 52.)

We agree with the reasoning of *Ellis* and *Rajanayagam*. Because the ambiguity cited by defendant has been properly resolved by statutory construction of subdivision (h), the rule of lenity is not applicable.

### *Equal Protection*

In *People v. Brown* (2012) 54 Cal.4th 314 at pages 318-322 (*Brown*), our Supreme Court held that under general rules of statutory construction a prior amendment to section 4019 must be read prospectively only, even though the Legislature did not expressly so state, and even though this meant "prisoners whose custody overlapped the statute's operative date . . . earned credit at two different rates." (*Brown, supra*, 54 Cal.4th at p. 322.) The court reasoned that "the important correctional purposes of a statute authorizing incentives for good behavior [citation] are not served by rewarding prisoners who served time before the incentives took effect and thus could not have modified their behavior in response. That prisoners who served time before and after former section 4019 took effect are not similarly situated necessarily follows." (*Brown, supra,* at pp. 328-330; see *People v. Lara* (2012) 54 Cal.4th 896, 906, fn. 9.)

Defendant argues that unlike the defendant in *Brown*, he is similarly situated for purposes of conduct incentives to other defendants who are in presentence custody on or after October 1, 2011. Defendant contends there are two groups of similarly situated prisoners: those in presentence custody on or after October 1, 2011, for crimes committed before that date and those in presentence custody on or after October 1, 2011,

5

for crimes committed on or after that date. Two appellate courts, relying on *Brown's* reasoning, have rejected the equal protection argument defendant raises as to the October 1, 2011, amendment to section 4019. (*Ellis, supra,* 207 Cal.App.4th at pp. 1551-1553; *People v. Kennedy* (2012) 209 Cal.App.4th 385, 395-399 (*Kennedy*).)[3] We agree with these cases that the reasoning of *Brown, supra,* 54 Cal.4th 314 applies with equal force to the current version of section 4019.

Even assuming the two groups of defendants are similarly situated for purposes of the October 1, 2011, amendment to section 4019, we conclude the classifications bear a rational relationship to a legitimate state purpose. Like the appellate courts in *Kennedy*, *Verba*, and *Rajanayagam* that applied the equal protection rational basis test, there are several legitimate reasons for making the enhanced presentence conduct credits applicable only to those who commit their crimes on or after October 1, 2011, including cost savings measured against public safety (*Verba, supra*, 210 Cal.App.4th at pp. 996-997; *Rajanayagam, supra*, 211 Cal.App.4th at p. 55), maintaining the desired deterrent effect of penal laws by carrying out the punishment in effect at the time defendants commit their offenses (*Kennedy, supra*, 209 Cal.App.4th at p. 398, *Verba, supra*, 210 Cal.App.4th at p. 997), and the Legislature's right to control the risk of new legislation by limiting its application (*Verba, supra*, 210 Cal.App.4th at p. 997).

Based on the reasoning of *Brown, supra,* 54 Cal.4th 314 and the rational basis test, we reject defendant's equal protection argument.

---

[3] Two appellate courts did not rely on *Brown, supra,* 54 Cal.4th 314 in their analysis rejecting an equal protection argument. Both courts concluded the two groups of prisoners are similarly situated for purposes of the October 1, 2011, amendment and determined there was a rational basis for the classifications. (*People v. Verba* (2012) 210 Cal.App.4th 991, 995-997 (*Verba*); *Rajanayagam, supra,* 211 Cal.App.4th at pp. 54-55.)

DISPOSITION

The judgment is affirmed.

                                    HOCH          , J.

We concur:

          HULL       , Acting P. J.

          BUTZ       , J.