Filed 6/5/13  P. v. Hollowell CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C072075 |
| v. | (Super. Ct. No. 11F06405) |
| TROY JASON HOLLOWELL, | |
| Defendant and Appellant. | |

Defendant Troy Jason Hollowell appeals from a judgment after he pled no contest to possession of a completed check with the intent to defraud (Pen. Code, § 475, subd. (c))[1] and identity theft with a prior identity theft conviction (§ 530.5, subd. (c)(2)), and admitted one strike (§§ 667, subds. (b)-(i), 1170.12) and five prior prison term (§ 667.5, subd. (b)) allegations.

On appeal, defendant contends the trial court's failure to award additional conduct credits pursuant to the Criminal Justice Realignment Act of 2011 (Realignment Act)

_____

[1] Undesignated statutory references are to the Penal Code.

1

(Stats. 2011, ch. 15, § 482) deprived him of equal protection under the law. We disagree and affirm the judgment.

FACTS

Defendant committed the crimes for which he was convicted on September 15, 2011. On July 2, 2012, the trial court sentenced defendant to serve nine years in state prison and awarded 435 days of presentence credit, consisting of 291 actual days and 144 days of conduct credit.

The trial court calculated defendant's conduct credits under the September 28, 2010, revision of the presentence custody credit law. Under that version, a defendant with a current or prior serious or violent felony conviction was entitled to two days of conduct credit for every four days of presentence custody. (Former §§ 2933, 4019 (Stats. 2010, ch. 426, § 2).)

DISCUSSION

Operative October 1, 2011, the Realignment Act amended section 4019 to enhance the rate at which defendants could earn conduct credits from two days for every four days actually served (former § 4019) to two days for every two days actually served (amended § 4019, subd. (f)). The Realignment Act also added subdivision (h) to section 4019, which provides: "The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to [specified facilities] for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law."

On appeal, defendant contends he is entitled to have his presentence conduct credits calculated at the enhanced rate provided by the Realignment Act for his days in custody from October 1, 2011, to July 2, 2012. He argues that for defendants who committed offenses prior to October 1, 2011, principles of equal protection compel the

2

application of section 4019 to defendants in presence custody from October 1, 2011, to the date of sentencing.  Consistent with the reasoning of other appellate courts, we reject defendant's equal protection argument.[2]

In *People v. Brown* (2012) 54 Cal.4th 314 at pages 318-322 (*Brown*), our Supreme Court held that under general rules of statutory construction a prior amendment to section 4019 must be read prospectively only, even though the Legislature did not expressly so state, and even though this meant "prisoners whose custody overlapped the statute's operative date . . . earned credit at two different rates." (*Brown, supra*, 54 Cal.4th at p. 322.)  The court reasoned that "the important correctional purposes of a statute authorizing incentives for good behavior [citation] are not served by rewarding prisoners who served time before the incentives took effect and thus could not have modified their behavior in response.  That prisoners who served time before and after former section 4019 took effect are not similarly situated necessarily follows." (*Brown, supra,* at pp. 328-330; see *People v. Lara* (2012) 54 Cal.4th 896, 906, fn. 9.)

Defendant argues that unlike the defendant in *Brown*, he is similarly situated for purposes of conduct incentives to other defendants who are in presence custody on or after October 1, 2011.  Defendant contends there are two groups of similarly situated prisoners:  those in presence custody on or after October 1, 2011, for crimes committed before that date and those in presence custody on or after October 1, 2011, for crimes committed on or after that date.  He next argues there is no rational basis to deny enhanced presence custody credits to those who committed crimes before

---

[2] Defendant does not make a statutory construction argument based on the language in subdivision (h) of section 4019.   Thus, we do not need to address this argument.  However, we note two appellate decisions have rejected this statutory construction argument.  (See *People v. Ellis* (2012) 207 Cal.App.4th 1546 (*Ellis*) and *People v. Rajanayagam* (2012) 211 Cal.App.4th 42 (*Rajanayagam*).)

3

October 1, 2011, and who are in presentence custody after this date because it is not reasonably related to a legitimate public purpose.

Two appellate courts, relying on *Brown*'s reasoning, have rejected the equal protection argument defendant raises as to the October 1, 2011, amendment to section 4019. (*Ellis, supra,* 207 Cal.App.4th at pp. 1551-1553; *People v. Kennedy* (2012) 209 Cal.App.4th 385, 395-399 (*Kennedy*).)[3] We agree with these cases that the reasoning of *Brown, supra,* 54 Cal.4th 314 applies with equal force to the current version of section 4019.

Even assuming the two groups of defendants are similarly situated for purposes of the October 1, 2011, amendment to section 4019, we conclude the classifications bear a rational relationship to a legitimate state purpose. Like the appellate courts in *Kennedy*, *Verba*, and *Rajanayagam* that applied the equal protection rational basis test, there are several legitimate reasons for making the enhanced presentence conduct credits applicable only to those who commit their crimes on or after October 1, 2011, including cost savings measured against public safety (*Verba, supra*, 210 Cal.App.4th at pp. 996-997; *Rajanayagam, supra*, 211 Cal.App.4th at p. 55), maintaining the desired deterrent effect of penal laws by carrying out the punishment in effect at the time defendants commit their offenses (*Kennedy, supra*, 209 Cal.App.4th at p. 398, *Verba, supra*, 210 Cal.App.4th at p. 997), and the Legislature's right to control the risk of new legislation by limiting its application (*Verba, supra*, 210 Cal.App.4th at p. 997).

For these reasons, we reject defendant's equal protection argument.

---

[3] Two appellate courts did not rely on *Brown* in their analysis rejecting an equal protection argument. Both courts concluded the two groups of prisoners are similarly situated for purposes of the October 1, 2011, amendment and determined there was a rational basis for the classifications. (*People v. Verba* (2012) 210 Cal.App.4th 991, 995-997 (*Verba*); *Rajanayagam, supra,* 211 Cal.App.4th at pp. 54-55.)

DISPOSITION

The judgment is affirmed.

                                                    _____HOCH_____, J.

We concur:

_____RAYE_____, P. J.

_____HULL_____, J.