Filed 9/18/13  P. v. Moore CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>KEITH ANTHONY MOORE,<br><br>  Defendant and Appellant. | F064794<br><br>(Super. Ct. No. BF134548A)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Michael B. Lewis, Judge.

Julia J. Spikes, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Levy, Acting P.J., Gomes, J., and Detjen, J.

Defendant, Keith Anthony Moore, challenges the total amount of conduct credits that he was awarded for time spent in county jail prior to commencement of his prison sentence. Defendant asserts that changes to Penal Code section 4019[1] permitting additional custody credits which occurred after his offense and while he was in local custody should apply to him and failure to do so violates the equal protection clauses of the Constitutions of California and the United States. We find no error and affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged in an information filed on February 1, 2011, with corporal injury to his child's parent, a felony (§ 273.5, subd. (a), count 1), feloniously making a criminal threat (§ 422, count 2), and felony evasion of a peace officer (Veh. Code, § 2800.2, count 3). The information further alleged two prior serious felony convictions within the meaning of the three strikes law and a prior prison term enhancement. The offenses allegedly occurred on November 13, 2010.

On January 13, 2012, defendant entered into a plea agreement and executed a felony advisement of rights, waiver, and plea form. In the plea form and at the change of plea hearing, defendant acknowledged the consequences of his plea, waived his rights under *Boykin*/*Tahl*,[2] and plead no contest to count 3, and admitted the two prior serious felony allegations. The prosecutor agreed to dismiss the remaining allegations in exchange for a stipulated prison sentence of six years. The court exercised its discretion under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 to strike one of the prior serious felony allegations.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

Defendant was arrested and remained in custody until he was sentenced on March 1, 2012. The court sentenced defendant to the upper term of three years, which was doubled to six years pursuant to the three strikes law. The court further imposed various fines, fees, and penalties. Pursuant to section 4019, in effect at the time of his arrest, defendant was given presentence custody credits of 459 days and conduct credits at the rate of two days for every four days of actual confinement, or 228 days.[3] Defendant received total custody credits of 687 days.

On appeal, defendant contends the current version of section 4019, properly interpreted, entitles him to two days of presentence conduct credits for every two-day period of confinement and to interpret it otherwise violates his equal protection rights.

## *DISCUSSION*

### *Statutory Construction*

The interpretation of a statute and the determination of its constitutionality are questions of law. In analyzing these questions appellate courts apply a de novo standard of review. (*Valov v. Department of Motor Vehicles* (2005) 132 Cal.App.4th 1113, 1120.)

Section 4019 governs credit to be given to a defendant convicted of a felony for time spent in county jail "from the date of arrest to the date on which the serving of the sentence commences .…" (§ 4019, subd. (a)(1).) Prior to January 25, 2010, presentence conduct credits under section 4019 accrued at a rate of two days for every four days of actual time served in presentence custody. (*People v. Kennedy* (2012) 209 Cal.App.4th 385, 395 (*Kennedy*); Stats. 1982, ch. 1234, § 7, p. 4554 [former § 4019, subd. (f)].) An amendment effective from January 25, 2010, to September 28, 2010, increased the rate,

---

**3** Under the formula applied to defendant, the actual number of custody days are divided by four, the remainder if any is dropped, and the resulting whole number quotient is multiplied by two to obtain the number of conduct credits. (*People v. Culp* (2002) 100 Cal.App.4th 1278, 1283.)

so that custody credits accrued at a rate of two days of credit for every two days actually served.[4] (*Kennedy, supra*, 209 Cal.App.4th at p. 395; Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, §§ 50, 62.)

The Legislature amended section 4019 again in September 2010 with Senate Bill No. 76 (SB 76) that made changes to sections 4019 and 2933. These changes restored the original version of section 4019, granting presentence custody credits at a rate of two days for every four days of actual time in custody. (§ 4019, subd. (f), effective September 28, 2010, through September 30, 2011.) The applicability of SB 76 was expressly prospective.

By amendments that became operative on October 1, 2011, the Legislature enacted the current version of the statute, under which two days of conduct credit may be earned for each two days of actual custody. (§ 4019, subds. (b), (c); *People v. Verba* (2012) 210 Cal.App.4th 991, 993 (*Verba*); *Kennedy*, *supra*, 209 Cal.App.4th at pp. 395-396.)

The current version of the statute provides that it applies prospectively, "to prisoners who are confined to a county jail … for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, (hereafter the October 1, 2011, amendment) shall be calculated at the rate required by the prior law." (§ 4019, subd. (h).) The former sentence expressly makes the amended statute applicable when the crime was committed on or after October 1, 2011. Although the latter sentence is less clearly expressed, we interpret it to mean that conduct credit for other prisoners is governed by prior law.

---

[4] For those defendants required to register as sex offenders, those committed for serious felonies (as defined in § 1192.7), and those who had prior convictions for violent or serious felonies, however, two days of conduct credit were earned for every four days spent in actual custody. (Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, § 50.)

In *People v. Ellis* (2012) 207 Cal.App.4th 1546 (*Ellis*), we held the October 1, 2011, amendment applies only to eligible prisoners whose crimes were committed on or after that date, and such prospective-only application neither runs afoul of rules of statutory construction nor violates principles of equal protection. (*Ellis*, *supra*, at p. 1548.) In reaching that conclusion, we relied heavily on *People v. Brown* (2012) 54 Cal.4th 314 (*Brown*), in which the California Supreme Court held the amendment to section 4019 that became effective January 25, 2010 (hereafter the January 25, 2010, amendment) applied prospectively only. (*Brown*, *supra*, at p. 318; *Ellis*, *supra*, at p. 1550.)

*Brown* first examined rules of statutory construction. It observed that "[w]hether a statute operates prospectively or retroactively is, at least in the first instance, a matter of legislative intent." (*Brown*, *supra*, 54 Cal.4th at p. 319.) Where the Legislature's intent is unclear, Civil Code section 3 and cases construing its provisions require prospective-only application, unless it is "'very clear from extrinsic sources'" that the Legislature intended retroactive application. (*Brown*, *supra*, at p. 319.) The high court found no cause to apply the January 25, 2010, amendment retroactively as a matter of statutory construction. (*Id.* at pp. 320-322.)

*Brown* also examined *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), which held that when the Legislature amends a statute to reduce punishment for a particular criminal offense, courts will assume, absent evidence to the contrary, the Legislature intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date. (*Brown*, *supra*, 54 Cal.4th at p. 323; *Estrada*, *supra*, at pp. 742-748.) *Brown* concluded *Estrada* did not apply; former section 4019, as amended effective January 25, 2010, did not alter the penalty for any particular crime. (*Brown*, *supra*, at pp. 323-325, 328.) Rather than addressing punishment for past criminal

5

conduct, *Brown* explained, section 4019 "addresses *future conduct* in a custodial setting by providing increased incentives for good behavior." (*Brown*, *supra*, at p. 325.)

In *Ellis*, we determined *Brown*'s reasoning and conclusions apply equally to current section 4019. Accordingly, we held the October 1, 2011, amendment does not apply retroactively as a matter of statutory construction or pursuant to *Estrada*. (*Ellis*, *supra*, 207 Cal.App.4th at pp. 1550, 1551.)

***Equal Protection***

In *Ellis*, we next turned to the equal protection issue. (*Ellis*, *supra*, 207 Cal.App.4th at p. 1551.) In that regard, *Brown* held prospective-only application of the January 25, 2010, amendment did not violate either the federal or the state Constitution. (*Brown*, *supra*, 54 Cal.4th at p. 328.) *Brown* explained:

> "The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally. [Citation.] Accordingly, "'[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.'" [Citation.] 'This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged."' [Citation.]

> "… [T]he important correctional purposes of a statute authorizing incentives for good behavior [citation] are not served by rewarding prisoners who served time before the incentives took effect and thus could not have modified their behavior in response. *That prisoners who served time before and after former section 4019 took effect are not similarly situated necessarily follows*." (*Brown*, *supra*, 54 Cal.4th at pp. 328-329, second italics added.)

The state high court rejected the argument that its decision in *People v. Sage* (1980) 26 Cal.3d 498 compelled a contrary conclusion, declining to read that case as authority for more than it expressly held, namely that authorizing presentence conduct credit for misdemeanants who later served their sentences in county jail, but not for felons who ultimately were sentenced to state prison, violated equal protection. (*Brown*,

6

*supra*, 54 Cal.4th at pp. 329-330; see *People v. Sage, supra,* 26 Cal.3d at p. 508.) It further refused to find the case before it controlled by *In re Kapperman* (1974) 11 Cal.3d 542, a case that, because it dealt with a statute granting credit for time served, not good conduct, was distinguishable. (*Brown*, *supra*, at p. 330.)

Once again, we found no reason in *Ellis* why "*Brown*'s conclusions and holding with respect to the January 25, 2010, amendment should not apply with equal force to the October 1, 2011, amendment. [Citation.]" (*Ellis*, *supra*, 207 Cal.App.4th at p. 1552.) Accordingly, we reject defendant's equal protection argument.

*Ellis* is dispositive of defendant's claim of entitlement to enhanced credits. Defendant's presentence credits were properly calculated.[5]

### *DISPOSITION*

The judgment is affirmed.

---

[5] In contrast to our *Ellis* case, the court in *People v. Rajanayagam* (2012) 211 Cal.App.4th 42 (*Rajanayagam*) found that inmates in defendant's position were similarly situated to inmates who committed their offenses on or after the effective date of the amended statute. The court in *Rajanayagam* then analyzed the second prong of equal protection, whether there is a rational basis for the Legislature's disparate treatment of similarly situated inmates. *Rajanayagam* concluded that there was a rational basis for similarly situated inmates to be treated differently. (*Id*. at pp. 53-56.) Although our opinion in *Ellis* is contrary to the *Rajanayagam* court's holding that all inmates are similarly situated regardless of when they offended and were placed in local custody, we agree with that court's conclusion that the Legislature had a rational basis for enacting the October 1, 2011, amendment and would also reject defendant's equal protection argument under the second prong of equal protection analysis.